J. W. & C. A. McIntire, plaintiffs in error, *vs.* Lorenzo D. Tyson, defendant in error.

1. This court will not control the discretion of the presiding judge in granting a new trial on the ground that the verdict is against the weight of the evidence, unless it appears clearly from the record that the verdict is right, and the discretion of the judge has been abused. Ordinarily, no great harm can be done by trying the case over again.

2. The motion for a new trial should be made at the term when the verdict is rendered except in extraordinary cases, but the rule *nisi* need not then be granted; if granted at a subsequent term, or about to be granted, and service of it be waived, it is enough to hold the case in court, and the motion should not be dismissed, it having been regularly continued from term to term.

New trial. Practice in the Superior Court. Before Judge Chisholm. City Court of Savannah. July Term, 1875.

Reported in the opinion.

Meldrim & Adams, by brief, for plaintiffs in error

J. R. Saussy, by brief, for defendant.

Mathews *vs*. The State of Georgia.

JACKSON, Judge.

1. In this case the city court granted a new trial. We will not control its discretion in granting it on the ground that the evidence is decidedly against the verdict. No great harm can be done. Besides, we think the verdict is against the weight of the evidence, though perhaps the verdict could be sustained.

2. A motion was made to dismiss the motion for a new trial because no rule *nisi* had been granted. The plaintiffs in error, after the lost papers had been established, waived service of the rule *nisi*. The object of the rule *nisi* was to bring them before the court. After they came in, having waived service of the rule *nisi*, it is too late to object and move to dismiss because it had not been granted sooner. The statute does not require the rule *nisi* to be granted and served at the first term. The motion was then regularly made and the brief of evidence approved. And after the parties had waived service, and the cause had been continued for their absence, it was too late for their motion. The rule *nisi* could then have been granted at the discretion of the court, and served, and it would have been done, doubtless, but for his waiver.

We affirm the judgment.