## BURKE *vs.* THE STATE OF GEORGIA.

1. For forging an instrument in these terms :  "George, let the boy have $2.00 worth of what he wants," an indictment will lie ; the other constituents of forgery concurring, the brevity and uncertainty of this instrument will not prevent a conviction.

2. Such a paper was not inadmissible in evidence on account of uncertainty.

3. It is error for the court to order the arrest of the defendant's wit-

nesses in the presence of the jury before whom they have just given their testimony, and to have them then and there arrested on account of what they have testified. To do so amounts to an intimation from the bench that their evidence is false.

Criminal law. Evidence. Practice in the Superior Court. Before Judge HILLYER. Fulton Superior Court. March Term, 1879.

Reported in the decision.

L. J. GLENN & SON; E. A. ANGIER, for plaintiff in error.

B. H. HILL, JR., solicitor-general, by brief, for the state.

CRAWFORD, Justice.

The plaintiff in error was indicted in Fulton superior court for forgery and counterfeiting, and on a second count, with uttering and publishing as true a certain forged order, of which the following is a copy:

"GEORGE—Please let the boy have $2.00 worth of what he wants. October the 1st, 1878.                    W. C. PECK."

1. The defendant demurred to the indictment upon the ground that the order which was charged as a forgery was so incomplete and imperfect that no one could have been defrauded by it, and no recovery could have been had upon it by suit. The court overruled the demurrer, and this constitutes the first assignment of error.

This ruling of the court was fully sustained and covered by the decision in the case of *Johnson vs. The State*, 62 *Ga.*, 299.

2. The second objection to the ruling of the court was in admitting in evidence the order itself to the jury, which we hold was legal.

3. Because the court erred in commanding the sheriff

to arrest Ed Martin, Bettie Martin and Elizabeth Ward, material witnesses for the defendant, in this, that the order of arrest was given in the presence and hearing of the jury, and said arrest being made in the presence of the jury trying said case, said arrest being made because of the evidence just given in by said witnesses, and such arrest tending to throw discredit upon their testimony to defendant's injury.

This ground, when analyzed, states, that after these witnesses had testified, the court *commanded* the sheriff to *arrest* them, and that the *order to arrest* was given in the presence and hearing of the jury, and that the *arrest was made* in the presence of the jury, and *made* because of the evidence just given in by them. The defense of the accused rested upon an *alibi ;* these witnesses had just sworn to its truth ; whether it was so or not, must rest alone with the jury.

The influence and power of a just and upright judge over the minds of jurors in his court, jointly trying with himself the guilt or innocence of a party charged with crime, is scarcely to be estimated. Indeed, in all cases, to their credit be it spoken, they listen with attention to his utterances, and endeavor to follow what they conceive to be his views of the justice of the particular cause before them. Hence, our law provides that if a judge, during the progress of a case, or in his charge to the jury, shall *express* or *intimate* his opinion as to what has or has not been proved, or as to the guilt of the accused, then a new trial shall be granted.

We think that the arrest of witnesses who had just testified for the defendant, under the circumstances stated in the bill of exceptions, and which are testified to be true by the judge, is such an expression of opinion, not only as to what had been proved, but also as to the guilt of the accused, as to bring this case within the meaning of §3248 of the Code, and therefore we are required to grant a new trial therein.

Judgment reversed.