## 583, 589. DURHAM *v.* THE STATE (two cases).

1. Where it clearly appears from the evidence that the guilt or innocence of the accused depended upon whether the jury would believe the prosecutrix, it was error for the court, either by questions having reference to another case which had been withdrawn from the jury or otherwise, to say or do anything amounting to an expression of an opinion as to what the court believed to be the truth of the transaction, or to what evidence the court attached importance.

2. The questions asked by the court and the answers thereto were prejudicial to the defendant, and such an expression of opinion on the part of the court as demands a new trial.

Accusations of carrying concealed weapon, and of pointing pistol, from city court of Sylvester—Judge Park.  May 28, 1907.

Argued July 17,—Decided July 25, 1907.

*Perry & Williamson,* for plaintiff in error.

*J. H. Tipton, solicitor,* contra.

RUSSELL, J.  The defendant was prosecuted in the committal court for carrying a concealed pistol, for pointing a pistol at another, and for the offense of rape.  On the committal trial he was discharged so far as the charge of rape was concerned, but bound over to the city court of Sylvester on the other two charges. Accusations were filed in the city court, charging him with carrying a pistol concealed and with the offense of pointing a pistol at another, and an accusation was also filed against him for the offense of assault and battery, all the offenses occurring at the same time, as alleged.  By consent of counsel for both sides the defendant was put on trial for all three offenses at once, and before the same jury, who were to render separate verdicts in each case.  After the prosecutrix had delivered a considerable portion of her testimony, the court, without the consent of the defendant, withdrew the accusation and charge of assault and battery from further consideration by the jury.  The testimony of the prosecutrix was that the defendant came to her house on a certain Sunday in December, 1905, and, finding that her husband was away from home, requested sexual intercourse with her, and upon her refusal, and after she had run into a crib and closed the door, took from his pocket a pistol which had been previously concealed and pointed it at her. According to her testimony this transaction involved three offenses: obscene and vulgar language in the presence of a female, carrying a pistol concealed, and pointing a pistol at another.  The prosecutrix further testified that the defendant again came to her house on Tuesday, December 17, 1905, broke down the door to the house, seized her and raped her.  The defendant again disclosed his pistol which was concealed before he took it out of his pocket.  Both visits to the prosecutrix's house were in the daytime; the first visit, the sun was about an hour high in the afternoon, and the latter occasion was about two o'clock in the afternoon.  The house of the prosecutrix is in plain view of other houses.  The defendant introduced a number of witnesses to show that they could have seen the house

and crib he was alleged to have visited, and would have heard the noise of breaking down the door; and also introduced the testimony of a number of witnesses to prove an alibi.

The turning point in the case was whether the defendant was at the house of the prosecutrix at all on either of the occasions named. If the jury believed he was, there could be but little question of his guilt because the testimony of the prosecutrix alone must be relied upon to establish the defendant's presence at her home; and if it were credible on this point of contest and conflict, belief of the remainder of her story would follow as a matter of course. If, on the other hand, the defendant did not go to her house and her testimony as to that be false, the entire structure of all the charges is without foundation.

When the prosecutrix had concluded her testimony as to the rape, the judge of his own motion withdrew the case of assault from the jury, and shortly afterwards proceeded to question the prosecutrix, eliciting from her evidence that she was pregnant at the time of the rape, and other facts and circumstances which it is contended were not material to the other accusations still remaining before the jury for their consideration and which were highly prejudicial to the defendant's defense as to the other charges. In the first grounds of the motion it is insisted that the court erred in withdrawing from the consideration of the jury the charge of assault and battery, and in using the following language in the presence of the jury: "I will withdraw from this jury the case of assault." These words were used by the court, when the prosecutrix, Lucy Williams, was on the stand, and after she had testified as follows: "The first transaction took place December 3, 1905, on Sunday. I don't know what time of the day it was. I didn't have a clock. I think it was about two o'clock. He came in there and asked me under my clothes. The court. Asked you what? A. Asked me a question under my clothes. The court. Asked you a question under your clothes? A. Yes sir. I told him I wasn't going to do it, and I said to him that I was going to tell my husband; and he said he didn't care, he was going to take it, and he grabbed hold of me, and I snatched loose and ran in the crib, and he pointed his pistol in there and said he was going to kill me, and he said he would see me again. He pointed his pistol at me then, and said he believed he would kill me, he

didn't care. The next time he come was on Tuesday, December 17, 1905. He come up there that time and told me to open the door, and I wouldn't do it, and he broke it open and come in there and snatched hold of me and said he was going to kill me. I couldn't do nothing. It was in the house then. He flung me across the bed and took it, and said if I owned it he would kill me. He had a pistol then, and I reckon it was the same pistol. He had it concealed. The sun was about an hour high this time. The Sunday that John went there—after he left I didn't do nothing but stay there until my husband came, and I told him about it." The plaintiff in error insists that the court had no legal right, after the issue had been joined and evidence submitted, to withdraw the case from the jury without the consent of the accused; and that the withdrawal of the case was prejudicial to the defendant in his trial on the two remaining cases, because it tended to create in the minds of the jury the impression that the court believed the testimony of the prosecutrix, and that the defendant was guilty of all the acts testified to by the prosecutrix. And these acts, of course, constituted the two offenses upon which the defendant was still on trial. The plaintiff in error therefore insists that the withdrawal of the case by the court amounted to an intimation of opinion on the part of the court as to the evidence. The court evidently intended to comply with that requirement of law which requires the judges of certain county and city courts, wherever the evidence developed on the trial of a criminal case shows the defendant, if guilty at all, to be guilty of a felony, to suspend the trial and commit or bind over the defendant to the superior court. This was the evident intention of the judge, and the jury might draw from his action the inference that he believed the defendant to be guilty of the graver offense of rape, of which his court had no jurisdiction. And if they did so believe, the conclusion would be irresistible that the defendant was guilty of the remaining charges which were still on trial; for all of the offenses were included in one transaction, dependent solely on the credibility of the prosecutrix. The action of the court in withdrawing the case, even if proper, was accompanied by such questions and suggestions as did clearly amount to an expression of an opinion that the defendant was guilty of the other two offenses for which he was being tried, and therefore demand the grant of a new

trial. The questions asked by the court appear to our mind to be natural indications of the honest indignation of an upright·magistrate, and yet they were wholly immaterial on the question of the defendant's guilt of the offense of carrying a concealed pistol, and of pointing that weapon at the prosecutrix, and likewise the fact elicited by the court, that the injured female was at the time of the outrage pregnant, could illustrate nothing in the pistol cases, but greatly tended· to impress the jury with the idea that the court was deeply moved by the enormity of the outrage which had been committed without question upon the prosecutrix. And of course as the prosecutrix had been raped under the most aggravating circumstances, the more aggravating those circumstances appeared the more odious the defendant became in the eyes of the jury, and the more strongly the truth of the prosecutrix's story was clinched in the minds of the jury. Without regard to any other error assigned, the intimation of opinion on the part of the court conveyed to the jury by these questions is controlled by §4334 of the code, and requires a reversal of the judgment refusing a new trial.

As the complaints with reference to the charge of the court are dependent wholly upon the theory that the presentation to the jury of the prejudicial matters to which we have referred was erroneous, and as it is not possible for this view again to be presented, it is not necessary that they should be considered.

*Judgment reversed.*