## 775.  PARKER v. THE STATE.

1. It is the duty of the judge to stop an improper argument, but in doing so it is not proper to express any opinion as to what has or has not been proved in the case. The court has no right to interrupt arguments of counsel properly supported by the evidence and by legitimate inference from the testimony. Where defendant's only defense relies upon disproving or discrediting the testimony in behalf of the State, adduced against him, his counsel can legitimately discuss the conduct and motive of a witness, himself under indictment for the same offense, who has "turned State's evidence," and argue that his credibility is affected by such conduct.

2. Where counsel has been needlessly interrupted by the court, and the expression and conduct of the court naturally and necessarily tended to impress the jury with the fact that a certain witness, upon whose testimony alone the guilt or innocence of the accused depended, should be believed and the statement of the defendant should be discredited, a motion for a mistrial, properly made, should be granted.

Indictment for gaming, from city court, of Elberton—Judge Proffitt. August 9, 1907.

Submitted November 11,—Decided November 14, 1907.

*Samuel L. Olive*, for plaintiff in error.

*Thomas J. Brown, solicitor*, contra.

RUSSELL, J. The plaintiff in error was indicted for gaming. The only material testimony in behalf of the State was delivered by one Rucker, who was a codefendant. His testimony, if believed, authorized the conclusion that the defendant on trial was guilty. His testimony was, that the defendant played and bet for money, and continued to do so after Sam Oglesby and Freeman Jones got there. He testified, moreover, that he was one of the defendants charged, jointly with Parker and others, with gaming; that he had never been tried, and that nothing had ever been said about trying him; that he had no attorney to represent him; that he worked on the place of the brother of the solicitor; that he did not know whether he would get off lighter for testifying against the others, or not, and that nobody had ever even asked him what he knew about the case. Two other witnesses introduced in behalf of the State, Oglesby and Jones, who were mentioned by the witness Parker, testified that they did not see the defendant doing anything, and that if Parker was playing, they did not see him and could not say for certain whether he did or not. The defendant, in his statement to the jury, said, "I was down there

where the defendants were gambling, watching them. I did not play or bet myself. Wilborn Rucker was gambling, and is just swearing all this on me to get off lighter himself." The foregoing was all of the material testimony submitted to the jury, and the statement of the defendant in full. It is readily to be seen that if the testimony of Rucker was believed by the jury to be the truth, the defendant was guilty. If it was untrue, the State failed to prove his guilt, and the defendant's defense was absolutely dependent upon discrediting the testimony of the witness Rucker, already weakened by the fact that the two witnesses introduced in behalf of the State (who, he had testified, were present when the defendant on trial was gambling) had refused to corroborate him, and, on the contrary, had agreed in their testimony partly with the statement of the defendant that while he was present he was only watching the gaming. In the state of the record, it was perfecly legitimate for the defendant's counsel to attack the veracity of the only real witness in behalf of the State, and, in doing this, to analyze his conduct, expose his motive, and thereby submit to the jury the issue, whether such motive should affect his testimony and weaken its force. The motive of the witness is always subject-matter of investigation and of legitimate comment. In a criminal case, if the motive be controlling, it may be sufficient to create a reasonable doubt.

Counsel for defendant, in commenting on the testimony of Rucker, was making the following argument to the jury, as certified to by the presiding judge: "This witness is undoubtedly testifying with hope of getting off with a light fine or without any punishment. He is a joint defendant and has never been tried. He tells you that nothing has been said about trying him, that he has no attorney to represent him. He works on the place of the brother of the solicitor, and is furnishing the sole evidence upon which this defendant could be convicted. He is trying to convict the other defendant in order to save himself. You know, gentlemen of the jury, that he has been promised a lighter fine for testifying in this case." At this point in the argument of defendant's counsel, the court interrupted the argument, by saying to counsel, in the hearing of the jury, "Mr. Olive, that argument is improper and will not be allowed. There is no evidence to support it, and it is a reflection on the court. No defendant

in this court has ever received a lighter penalty on account of being a witness for the State, nor ever will." Exception is taken to the above language of the court, upon the ground that the argument being made was not improper, and that facts and circumstances brought out by the testimony, together with the defendant's statement, fully justified the argument in question; that the interruption of the court was improper and was in effect telling the jury that the witness was not testifying in the hope of benefiting himself, and that his credibility as a witness should not be affected thereby. It is further insisted that the statement by the court, that "there is no evidence to support it, and it is a reflection upon the court," was an expression as to what had or had not been proved, and was error. And in the motion for a new trial it is further contended that the court, to all intents and purposes, constituted itself a witness to disprove the conclusion drawn and argued by movant's counsel, and that the statement by the court that the argument was improper was, in effect, telling the jury that they should disregard the theory that the witness was swearing falsely for personal interest.

It is with the greatest reluctance and with the gravest sense of responsibility that a court of review will control the conduct of a trial judge in the administration and exercise of the high duties which devolve upon him. We are well aware of the well-nigh universal truth that these judges endeavor, without favor or affection and in the fear of God only, to discharge their trusts. The frequent recurrence of circumstances tending to disturb their equanimity and the nature of the office is a matter of which this court can take judicial notice; and it is essential to the orderly administration of the law and to the perpetuation of justice and civil liberty that the trial judges should be treated with all the respect due to their exalted office and commensurate to the manner in which these duties are performed. While counsel, in his discharge of his duties to his client, is a peer of the judge upon the bench, and may try to do anything necessary and proper for the protection of his client's rights, provided it be done in that courteous and respectful manner due to the dignity of the court, and while, on the other hand, the court has the power and the duty of enforcing proper respect and of dealing summarily with any infraction of its rules or with any violation of that respect

due it, still we see nothing in the remarks of the counsel in this case which can be construed as a reflection upon the court. If counsel had been guilty of contempt of court, the court would have been authorized to punish for that contempt, within the statutory limits accorded to his discretion. The statement of counsel, "You know . . that he has been promised a lighter fine for testifying in this case," would require an extremely strained construction to involve the judge,—a construction which, so far as our observation and experience goes, as well as our conception of the office of judge, would not, without more, have been authorized. According to our conception of the office of judge, neither his duties, his opinion, nor (if he be an upright and impartial judge) his inclinations lead him into any contact with the witnesses in the case, or afford him any knowledge whatever of any facts involved in the preparation of the case for trial. He neither knows nor cares for anything in the case except as it is presented to him by the pleadings, evidence, and argument of counsel, and such motions as may be addressed to him in his official capacity and in open court. The statement made in the argument of counsel, that a witness had been promised a lighter penalty, can by no construction involve the judge of the court. To so presume would be to assume that the judge was not impartial in the case, and that he had been assisting in the preparation of the case. It is common practice (and we can not say but that it is in some cases in the interest of justice) to refuse to prosecute one of several offenders, in order to effect the conviction of other defendants, who might otherwise escape their just deserts. This is within the power of the prosecuting attorney, and this action may be taken by him in the conduct of his duties, without the knowledge of the judge; and while he can not dispose of the case, either by nolle prosequi or otherwise, without the consent of the judge, the judge has no power to force the solicitor to try the case. Upon complaint made, he might appoint a solicitor pro tem., but this would be the extent of his power. No matter how a defendant may have been induced to become a witness in behalf of the State against his codefendants, the fact that he has turned State's evidence is always a legitimate matter of comment, as affecting his credibility. Counsel for the defendant had the right to comment, in this case, upon the admission of the witness that

he was a defendant, that he lived on the farm of the brother of the solicitor, that he had not thought it necessary to procure counsel to defend him, and that he never told any one what he would testify, and yet, in spite of all this, he did not know whether his case would go lighter with him or not. The stress of the case was on this witness. The defendant's only hope to escape conviction by restoring the mantle of presumed innocence which this witness's testimony had torn away from him was by satisfying the jury that the testimony of the witness was either false or extremely doubtful. The argument of counsel was legitimate and proper, and should not have been interrupted by the court.

The exception that the judge's interruption and language amounted to an expression of opinion upon the evidence is also well founded, and, under the mandatory terms of the Civil Code, §4334, absolutely demanded a new trial. That the acts of a judge, taken with his sayings, can amount to an expression of opinion was definitely decided in *Burke* v. *State,* 66 *Ga.* 159, as well as in *Durham* v. *State,* 2 *Ga. App.* 401. In the *Burke* case, where a judge, in the presence of the jury, ordered the arrest of some of the defendant's witnesses, and the arrest was made in the presence of the jury, Judge Crawford said: "The influence and power of a just and upright judge over the minds of jurors in his court, jointly trying with himself the guilt or innocence of a party charged with crime, is scarcely to be estimated. Indeed, in all cases, to their credit be it spoken, they listen with attention to his utterances, and endeavor to follow what they conceive to be his views of the justice of the particular cause before them. Hence our law provides that if a judge, during the progress of a case, or in his charge to the jury, shall *express* or *intimate* his opinion as to what has or has not been proved, or as to the guilt of the accused, then a new trial shall be granted. We think that the arrest of witnesses who had just testified for the defendant, under the circumstances stated in the bill of exceptions, and which are testified to be true by the judge, is such an expression of opinion not only as to what had been proved, but also as to the guilt of the accused, as to bring this case within the meaning of §3248 [now §4334] of the Code, and therefore we are required to grant a new trial." The jury had the right to believe the defendant's statement in preference to the sworn testimony.

The defendant had said that Rucker was swearing all this to get off lighter himself. The statement of the learned and upright judge of the city court completely annihilated and obliterated this statement.

2. The 5th ground of the amended motion for a new trial complains that the court erred in overruling the defendant's motion for a mistrial. This motion was made immediately after the interruption by the court, which has been quoted above, and after the court had accepted the explanation of defendant's counsel and his disclaimer of any intention to reflect upon the court, but after the judge had adhered to his former ruling that the argument being made was improper. From what we have stated above, it is manifest that the interruption by the court and the language used were improper and highly prejudicial to the defendant, and were such an expression of opinion on the part of the court as deprived the defendant of his right to an impartial and legal trial. Consequently, the court erred in not awarding a mistrial, and in not granting a new trial because of his refusal to withdraw the case from the jury upon the defendant's motion.

*Judgment reversed.*