### 2365.   RIMES *v.* THE STATE.

1. It is not error to refuse to arrest judgment where the allegations of the accusation so substantially define the offense as to make the charge clearly intelligible to the jury, and so plain that the court would have no difficulty in pronouncing judgment.
2. An accusation charging the offense of abandonment of a child, under section 114 of the Penal Code, is sufficient as to the defendant's relation of father, if the name of the accused denotes a person of the masculine gender, and if the child is described as his child. In the absence of proof to the contrary, the inference is authorized that a child described in relation to a named man as his child is not merely a child committed to his custody, but is the offspring of his body and lawfully begotten.

Accusation of abandonment of child; from city court of Blakely —Judge Jordan.    December 20, 1909.

Submitted February 21,—Decided March 11, 1910.

*R. H. Sheffield,* for plaintiff in error.

*Walter Park, solicitor,* contra.

RUSSELL, J.   The plaintiff in error was convicted of the offense of abandoning his child; a motion in arrest of judgment was overruled, and exception was taken to the overruling of the motion.   A motion for a new trial, based upon the grounds that the verdict was contrary to the law and contrary to evidence, was likewise overruled; and to this also he excepted; but the latter exception can

not be considered, because no transcript of the brief of evidence was specified for transmission to this court, and none appears in the record.

We think the court very properly refused to arrest the judgment. The point could have been raised more properly by special demurrer before arraignment. The courts do not favor a defendant's taking chances on defects in the indictment, and not presenting them until after conviction. We think, however, that this point would not have been good even upon demurrer. The question now before us, however, is whether the omission of an express statement that the accused was the father of the child alleged to have been abandoned rendered the accusation so fatally defective that the court could not pronounce judgment upon the verdict. The question as to whether a judgment should be arrested is to be determined by the pleadings. The accusation in this case charges the defendant with the offense of misdemeanor, "for that the said Lum Rimes did . . unlawfully, wilfully, and voluntarily abandon *his* minor child, Theo. Rimes, leaving it, the said child, then and there in a dependent condition." The Penal Code, § 114, declares that "if any father shall wilfully and voluntarily abandon his child, leaving it in a dependent and destitute condition, he shall be guilty of a misdemeanor." The word "destitute" has been omitted by the act of 1907 (Acts 1907, p. 57). Under the terms of the code section, the father is the only person punishable for the abandonment of the child; and consequently, in a prosecution under that section, it is essential that it shall be shown that the person accused is in fact the father, and the child alleged to have been abandoned is his child. However, under the provisions of section 929 of the Penal Code, an indictment or accusation is sufficient "which states the offense . . so plainly that the nature of the offense charged may be easily understood by the jury;" and we have no hesitation in holding that where one whose name usually refers to or imports a person of the masculine gender is accused of abandoning *"his"* child, the statement that he is the father of the child named is plainly inferable, to the exclusion of any other natural inference. It is argued that the indictment fails to show that the defendant is a man, and consequently that it can not be assumed that he was charged with being the father of any child. It is further insisted that the use of the word "his" does not neces-

sarily and exclusively imply that the defendant sustained the relation of parent to the child in question, for the reason, as argued, that the word "his" might denote merely that the child had been left in the custody or was in some way in the charge of the defendant, and in that sense could be said to be his child. We fail to see the force of either of these contentions. Words are used in an indictment with the same ordinary significance attached to them as appertains to them in their general use. Furthermore, it is always to be presumed that a relation is legal, rather than illegal in its origin. Consequently, to say that a named child, as related to a particular man, is "his child" is an affirmance (in the absence of proof to the contrary) that the specified man is the lawful father of the child in question.                *Judgment affirmed.*