2319, 2320. SUMMERFORD *v.* KINARD, and *vice versa.*

1. One who appears at the time and place set for the hearing of a motion for a new trial, and orally agrees to the brief of evidence filed with the motion, but who, after the judge has corrected and approved the brief of evidence, moves to dismiss the motion for a new trial, for want of service, can properly be held to have waived any formal service of the motion.

2. The evidence was sufficient to show such constructive delivery of the chattel as to complete the sale and pass title to the plaintiff. However, even if there was doubt upon this point, the evidence of the plaintiff's right of possession was sufficient to authorize a recovery in trover.

DECIDED SEPTEMBER 20, 1910.

Trover; from city court of Sylvester—Judge Williamson. October 30, 1909.

*Perry & Foy,* for plaintiff in error. *Payton & Hay,* contra.

RUSSELL, J. In the main bill of exceptions error is assigned upon the judgment overruling a motion for a new trial; and by a cross-bill error is assigned upon the refusal of the trial court to dismiss the motion for a new trial, for want of service.

1. We will first consider the cross-bill of exceptions. It appears from the record that at the hearing of a motion for a new trial, which had been filed by Summerford, Mrs. Kinard, the re-

spondent, moved to dismiss the motion "for want of sufficient service on her, there being no official entry of service of a copy of said motion on her, or of the rule nisi or other part of said proceeding, and no acknowledgment of such service, and no written waiver of such service; which said motion to dismiss the court overruled on the ground that it came too late, it being made after counsel for both sides had orally agreed to the correctness of the brief of evidence, and after the court had approved the brief of the evidence and the amended motion for a new trial, and after the court had orally announced its decision on the motion for a new trial." The motion to dismiss was made before the court had written or signed its judgment on the motion for a new trial.

We think the court properly refused to dismiss the motion for a new trial. The only purpose of the service of a motion for a new trial is to give the respondent such timely notice as will enable him to prepare for the hearing, and to enable him, if he can, to show cause why a new trial should not be granted. The motion in this case does not contain any statement that the respondent was less prepared to resist the motion for a new trial than he would have been if he had been duly served. Of course, service of a motion for a new trial is always necessary, in order to give notice, but formal service may be waived; and in this case, under the facts stated, we think it was waived. In an ordinary suit service may be waived by appearance and pleading. In the case of a motion for a new trial, where ordinarily the respondent is not required to plead, we think appearance and participation in the preparatory steps necessary to perfect the motion is such a circumstance as that it may be inferred that the respondent had notice of the pendency of the proceeding, equivalent to that which would have been given him of actual service; and where no point is made to the effect that the notice was not given in sufficient time to enable the respondent to prepare for the hearing, it can be presumed that any formal service was waived.

2. Mrs Kinard brought an action of trover, to recover from Summerford a set of harness. According to the testimony for the plaintiff, Summerford sold Mrs. Kinard a set of harness in the settlement of a debt, and Mrs. Kinard was to get the harness whenever she sent for it. The defendant denied having sold the harness to Mrs. Kinard. The jury, by finding for the plaintiff, sustained the theory that Summerford sold the harness to Mrs. Kinard and

held them as her agent until she should call for them. We think the evidence is sufficient to establish constructive delivery and perfect the sale. Or, construing it in another way, the jury were authorized to find that by the terms of the sale a bailment was created, and that the harness was thereafter in the possession of Summerford as Mrs. Kinard's agent, who was holding them for her use. In either event, the verdict in favor of the plaintiff would withstand the point raised against it by the plaintiff in error.

It was not necessary that the plaintiff should show that she was in possession of the harness, if the jury believed her testimony and that she bought them from Summerford and had paid for them. According to this testimony, the manual delivery was to be postponed until Mrs. Kinard called for the harness. This gave her the right of possession, and, upon her demand being refused, the right of possession would afford ground for an action of trover. The right of possession wrongfully withheld may authorize a recovery in trover. See *Roper Wholesale Grocery Co.* v. *Faver,* ante, 178 (68 S. E. 883).

*Judgment on the main bill of exceptions affirmed; cross-bill of exceptions dismissed.*