### 5296. NEWTON BANKING CO. *v.* HUDGINS *et al.*

1. The exercise of the trial judge's discretion upon the first grant of a new trial will not be closely scanned, when the evidence is in conflict; nor will the exercise of this discretion be controlled or disturbed unless the verdict set aside was absolutely demanded. In the present case the trial judge correctly granted a new trial upon the special ground assigning error upon the admission of testimony of a witness who was interested in the result of the suit, as to a transaction and, communication with one of the parties who had subsequently died.

2. A motion was made to dismiss the motion for a new trial, because the rule nisi was not signed by the trial judge. While, in orderly procedure, a rule nisi should be signed, the absence of the judge's signature will not wholly annul the proceedings. Wherever there is acknowledgment of service and an agreement as to the brief of evidence, a waiver of the rule nisi may be implied.

DECIDED JANUARY 20, 1914.

Complaint; from city court of Zebulon—Judge Dupree. October 1, 1913.

*T. E. Patterson,* for plaintiff. *E. C. Armistead,* for defendant.

RUSSELL, C. J. 1. Newton Banking Company brought suit upon two promissory notes against A. U. Hudgins, J. C. Hudgins, and J. J. Hudgins, as joint makers. There was service as to J. J. Hudgins and J. C. Hudgins, but A. U. Hudgins, according to the entry of the sheriff, having absconded, was not served. J. J. Hudgins filed a plea of non est factum. On the trial, J. J. Hudgins having died and his administrator having been made a party to the case, the court allowed E. O. Newton, who was a stockholder and the cashier of the plaintiff bank, and who acted as its agent in taking the note which was the basis of the suit, to testify to the circumstances which transpired between J. J. Hudgins and himself in the transaction attending the execution of the note, over the objection that the testimony of this witness was illegal and inadmissible, because the suit was being defended by the personal representatives of J. J. Hudgins, deceased, and the witness was inter-

ested in the result of the suit. The witness Newton did not testify directly to the fact that J. J. Hudgins signed the note in question, but his testimony, if credible, by process of elimination tended to establish that conclusion, and was sufficient to support the inference that the decedent signed the note; and it might therefore authorize the finding in favor of the plaintiff, upon the defendant's plea of non est factum. The note purported to have been signed by one O. S. Tyus as attesting witness, but he could only testify to the genuineness of his own signature, stating that he was not personally acquainted with any of the alleged makers of the note, and that he had no recollection whatever as to the transaction, or as to how he came to sign his name to the paper. Newton, of course, did not testify that he saw J. J. Hudgins sign the note, for this would have been a clear violation of section 5858 of the Civil Code, but he was permitted to testify, over objection, that Tyus did not witness the signature of either of the other makers, and that the reason he had Tyus to witness the signature of the notes was that one of the makers signed with a cross-mark. Since the note bore evidence that J. J. Hudgins was the only one of the three who signed by cross-mark, the plaintiff was permitted by indirection to prove by the cashier of the bank what it was unable to prove by the attesting witness. The admission of this testimony was a violation of section 5858 of the code, and the trial judge properly corrected his error by granting a new trial.

2. At the hearing upon the motion for a new trial a motion was made to dismiss it, because the rule nisi had never been signed by the judge who presided at the trial. The court refused to dismiss the motion for a new trial, and exception is taken to this judgment. It is insisted by the learned counsel for the plaintiff in error that without the grant of a proper rule nisi, calling upon the respondent to show cause why the new trial should not be granted, every step taken in furtherance of a new trial is futile, and the entire proceeding null and void. It is undoubtedly true that a new trial can not be granted without notice to the opposite party, and without due opportunity being afforded him to resist the motion, but, in the state of the present record, we think that the court correctly refused to dismiss the motion for new trial because the plaintiff in error (who was the plaintiff in the court below) had acknowledged service of the motion signed by the defendant's coun-

.sel, and the grounds of which had been approved by the court. Counsel waived copy of all other and further service. In orderly procedure upon a motion for a new trial a rule nisi signed by the trial judge should be issued, calling upon the opposite party to show cause, at a time and place designated in the rule, why the motion should not be granted; and this rule should be served upon the opposite party, so that he shall have notice that a new trial may be granted unless ("nisi") he shows sufficient cause why it should not be granted. It is upon the meaning of the Latin word "nisi" that the technical designation of the rule depends. In a case in which there is no service of a motion on the opposite party, even though the rule nisi be issued, as well as when the rule nisi has not been signed by the trial judge, the court can not proceed, and the motion should be dismissed, if at the time set for the hearing the respondent to the motion has not been legally notified of its pendency, and been given opportunity to resist the granting of the new trial. But in *Georgia Railroad Co.* v. *Usry,* 82 *Ga.* 54 (8 S. E. 186), Chief Justice Bleckley, construing the ruling of the Supreme Court in the case of *McIntire* v. *Tyson,* 56 *Ga.* 468, held that the rule nisi may be waived; and in the present case it does not appear that the trial judge erred in holding that the plaintiff in error had waived it. In the case of *Georgia Railroad Co.* v. *Usry,* as in this, a motion to dismiss a motion for a new trial was made. In this case, as in that, the judge signed an order approving the ground for a new trial, and provided for a future hearing upon the motion, the order in this case providing for a hearing "at such time and place in vacation as counsel may agree upon, and, upon failure to agree, then at such time and place as the presiding judge may fix on the application of either party." This order was signed on March 11, and the following day counsel for the plaintiff entered thereon his acknowledgment of service. In the case of *McIntire* v. *Tyson,* supra, Judge Jackson said that the object of the rule nisi was to bring the opposite parties before the court. "After they came in, having waived service of the rule nisi, it is too late to object and move to dismiss because it had not been granted sooner. The statute does not require the rule nisi to be granted and served at the first term. The motion was then regularly made and the brief of evidence approved. And after the parties had waived service and the cause had been continued for their absence [the present

case was once continued by consent of the parties], it was too late for their motion. The rule nisi could then have been granted, at the discretion of the court, and served, and it would have been done, doubtless, but for his waiver." In another case it was held by the Supreme Court that where there was a failure to sign the rule nisi at the proper time, the omission could be cured by signing nunc pro tunc. In *Georgia Railroad Co.* v. *Usry,* supra, Chief Justice Bleckley said: "According to *McIntire* v. *Tyson, 56 Ga.* 468, the rule nisi may be waived indirectly, as well as directly, and it may even be granted at the term of the court subsequent to that at which the motion is made." We have pointed out that the proceedings in that case and the proceedings in the case at bar are substantially identical; and as to the order in that case Judge Bleckley said: "Here there was an informal but substantial rule, and counsel acknowledged service upon it, and the judge recognized it, as a rule." In our opinion this authority is absolutely controlling upon the motion to dismiss in the present case. See the rulings of this court to the same effect. *Summerford* v. *Kinard,* 8 *Ga. App.* 254 (68 S. E. 955); *Bryan* v. *State,* 3 *Ga. App.* 23 (59 S. E. 185).

*Judgment affirmed.*