### 6865.  WOODARD v. THE STATE.

RUSSELL, C. J.  1.  The court did not err in overruling the demurrer to the accusation.  In a prosecution under section 116 of the Penal Code, for the abandonment of a child, it is not necessary that the accusation shall allege the sex of the child, or show in what way the child was left in a dependent and destitute condition, or what the dependency and destitution consisted of.  See *Daniels v. State,* 8 *Ga. App.* 469 (69 S. E. 588).

(*a*) The term "child," as used in such an accusation, imports a legitimate child.

(*b*) It does not appear from the face of the accusation that the crime charged was committed after the filing of the accusation; and consequently a demurrer raising that point was a speaking demurrer and was properly overruled.

2. It was not error to refuse the request to give in charge to the jury a series of propositions presented en bloc, since some of the instructions were not sound.  *Wallis v. Heard,* 16 *Ga. App.* 803 (86 S. E. 391); *Thompson v. O'Connor,* 115 *Ga.* 120 (5), 123 (41 S. E. 242).

3. The court did not err in refusing to reprimand the State's counsel, or to order a mistrial, on account of the remarks in his argument, set out in the motion for a new trial.  The right of counsel to present inferences deduced bona fide is not to be abridged.  Argument is not necessarily

illegal because it is highly illogical. *Parker* v. *State*, 3 *Ga. App.* 21 (59 S. E. 204).

4. No error requiring the grant of a new trial was committed in the trial.

*Judgment affirmed.*

DECIDED MAY 2, 1916.

Accusation of abandonment of child; from city court of Dublin —Judge Hicks. August 9, 1915.

Paragraph 3 of the decision relates to the following grounds of the motion for a new trial: "Because the court erred in permitting the attorney for the State . . to address the following remarks to the defendant while arguing said case before the jury: 'If you have as much manhood in your bones and under skin as an Egyptian mummy, you would support that child,' without reprimanding said attorney, forcing him to retract same, or granting mistrial upon motion of counsel, duly made for that purpose, and in permitting said counsel to say that he not only refused to retract said statement, but that he repeated it." "Because the court erred in permitting said attorney mentioned in foregoing paragraph to use the following remarks of the defendant while addressing the jury in argument of case: 'These letters show that the defendant was one of those straggling, itinerant class of criminals,' and in not reprimanding said attorney or declaring mistrial in accordance with timely motion for that purpose made by counsel for defendant; the court stating in each instance, when counsel made motion for mistrial, that counsel for both sides had the right to state their contentions to the jury, but that the jury would decide the case in accordance with evidence delivered from the stand, as applied to the rules of law given in charge by the court."

*Larsen & Crockett,* for plaintiff in error.

*S. P. New, solicitor, Twitty & Camp,* contra.