21481. BEELAND, adm'r, *v.* BUTLER-PAYNE LUMBER COMPANY *et al.*

STEPHENS, J. 1. Where a rule nisi, issued upon the filing of a motion for a new trial, was not served on the respondent, and service was not expressly waived, an agreement, made in open court by counsel for the respondent, to the passage of an order setting a hearing upon the motion at a designated time and place, which agreement was recited in the order, and counsel for the respondent afterwards appeared at the time and place set for the hearing on the motion, these facts amounted to a waiver by the respondent, through counsel, of service of the rule nisi. Civil

Code (1910), § 6080. The case of *Smedley* v. *Williams*, 112 *Ga.* 114 (37 S. E. 111), in which it was held that "service is not waived merely because counsel for the respondent informed counsel for the movant that a named day for the hearing of the motion would be suitable to the former," is distinguishable. The order of court was equivalent to an amendment to the rule nisi, and a consent by counsel for the respondent to the issuance of the order and to its contents was to all intents and purposes equivalent to an acknowledgment of service of the rule nisi, and therefore amounted to a waiver of service, while a mere statement by counsel for the movant that a named date for the hearing on the motion would be suitable to counsel for respondent did not imply that a rule nisi has been issued, and did not amount to a consent by counsel to issuance of an order of court amounting to an amendment of the rule nisi. See, in this connection, *McIntyre* v. *Tyson*, 56 *Ga.* 468; *Georgia Railroad & Banking Co.* v. *Usry*, 82 *Ga.* 54 (8 S. E. 186, 14 Am. St. R. 140); *Gould* v. *Johnston*, 123 *Ga.* 765 (51 S. E. 608); *Summerford* v. *Kinard*, 8 *Ga. App.* 253, 254 (68 S. E. 955); *Lee* v. *Cox*, 15 *Ga. App.* 249, 250 (82 S. E. 941). The court erred in dismissing the motion for a new trial, upon the ground that the respondent had not been served with the rule nisi and had not waived service of the same.

2. It may be noted that in the rule nisi issued in this case the time of hearing was left blank, and therefore no time of hearing was set.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 18, 1932.

*Jule Fellon, Jule W. Fellon,* for plaintiff in error.
*C. W. Foy,* contra.