## 35556. MANGUM v. THE STATE.

DECIDED FEBRUARY 25, 1955.

*D. B. Howe*, for plaintiff in error.
*Dan Winn, Solicitor*, contra.

TOWNSEND, J. The sole question here is whether a prosecution for abandonment under Code § 74-9902 is maintainable against the putative father of a minor child who is illegitimate. Aban-

donment of a child, legitimate or otherwise, was not a criminal offense at common law (67 C. J. S. 817, § 91). The proceeding is statutory and criminal in nature, and accordingly subject to a strict construction. Code Chapter 74-3, expressly provides the method by which the father of an illegitimate child may be required to support such child, and § 74-9901 makes his failure to do so a misdemeanor. In *Nixon* v. *Perry*, 77 *Ga.* 530 (3 S. E. 253), the court held: "The reputed father of a bastard child can only be made to support the child in the manner pointed out by the code; that is to say, a warrant must have been issued against him, and he must have been required to give bond to support such child, and when he has given such bond, the ordinary, when the child has become chargeable to the county, may institute an action on the bond so taken, and may recover the full amount of said bond, which judgment is to remain open and be subject to be appropriated by the courts aforesaid, from time to time, as the situation and exigencies of said bastard child may require." If Code § 74-303, relating to the making of a bond, is the exclusive means by which a father may be made to support such a child, it logically follows that the punishment for failure to do so would be that set out in Code § 74-9901 relating to his refusal to comply with this procedure, rather than that set out in Code § 74-9902, relating to abandonment by a father of his child or children, which latter offense must be wilful and voluntary and result in leaving it or them in a dependent condition. Accordingly, the word "child" in the latter Code section should be construed as applying to legitimate children only. Such construction is customarily given to similar abandonment statutes in other States, where the statute does not expressly include illegitimate children. See 10 C. J. S. 94, § 20 (b); Early *v.* Bradfield's Ex'x., 266 Ky. 395 (99 S. W. 2d 190); State *v.* Lindskog, 175 Minn. 533 (221 N. W. 911); Commonwealth *v.* Ray, 196 Ky. 203 (244 S. W. 415); State *v.* McCurdy, 116 Me. 359 (102 Atl. 72); Beaver *v.* State, 96 Tex. Cr. App. 179 (256 S. W. 929, 30 A. L. R. 1073); Ex parte Newsome, 212 Ala. 168 (102 So. 216). It will also be noted that in *Wynne* v. *State*, 17 *Ga. App.* 263 (86 S. E. 823), it was assumed by the court that the father of an illegitimate child could not be convicted of the offense of abandonment, but the court there held that the evidence demanded a conclusion

that a common-law marriage existed between the mother and putative father of the child, for which reason a conviction was authorized. See also *Woodard* v. *State*, 18 *Ga. App.* 59 (88 S. E. 825).

Since the evidence here demanded a finding that no marriage existed between the prosecutrix and the defendant, the conviction was contrary to law, and the trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*