20790.   PASLEY *v.* THE STATE.

SUBMITTED FEBRUARY 8, 1960—DECIDED MARCH 15, 1960.

*Harry T. Lawrence,* for plaintiff in error.

*R. F. Chance, Solicitor-General,* contra.

HEAD, Presiding Justice. ■ There is no merit in the contention made by the demurrer that the act of 1956 (Ga. L. 1956, p. 800), amending Code § 74-9902, offends Art. I, Sec. I, Par. II of the Constitution (Code § 2-102), which is as follows: "Protection to person and property is the paramount duty of government, and shall be impartial and complete." The "abandonment" contemplated by Code § 74-9902 as amended is defined therein as the failure to "furnish sufficient food and clothing for the needs of the child." The father of an illegitimate child has the duty under our law to support his illegitimate child. Code § 74-202. It is true that the mother is entitled to the possession of such child, unless the father legitimates the child. Code § 74-203. However, the amendment to Code § 74-9902, which makes it a crime for the father to fail to support his *illegitimate* child, is not unreasonable, arbitrary, or discriminatory against him because he does not have the right of custody, since the duty of a father to support his *legitimate* child is not dependent on his right of custody. *Parrish* v. *State,* 10 *Ga. App.* 836 (2) (74 S. E. 445); *Dyer* v. *State,* 87 *Ga. App.* 440 (2) (74 S. E. 2d 129); *Hunt* v. *State,* 93 *Ga. App.* 84 (91 S. E. 2d 133); *Waters* v. *State,* 99 *Ga. App.* 727 (109 S. E. 2d 847).

■ The word "child" used in a statute, will, deed, or other

conveyance generally means a legitimate child, unless the context shows a different meaning, or the circumstances surrounding the execution of a paper are such as to make the words include an illegitimate child. *Hicks* v. *Smith,* 94 *Ga.* 809 (22 S. E. 153); *Floyd* v. *Floyd,* 97 *Ga.* 124 (24 S. E. 451); *Johnstone* v. *Taliaferro,* 107 *Ga.* 6 (32 S. E. 931, 45 L. R. A. 95); *Robinson* v. *Ga. R. & Bkg. Co.,* 117 *Ga.* 168 (43 S. E. 452, 60 L. R. A. 555, 97 Am. St. Rep. 156); *Brinkley* v. *Dixie Construction Co.,* 205 *Ga.* 415 (54 S. E. 2d 267); *Wilson* v. *Ingram,* 207 *Ga.* 271 (61 S. E. 2d 126).

Originally, under the statute (Code of 1933, § 74-9902), the offense of abandonment applied only to the father of a minor child, and under this statute it was held by the Court of Appeals that the term "child" used in an accusation for the abandonment of a child imported a legitimate child. *Rimes* v. *State,* 7 *Ga. App.* 556 (67 S. E. 223); *Woodard* v. *State,* 18 *Ga. App.* 59 (88 S. E. 825). By an act of 1946 (Ga. L. 1946, p. 63), § 74-9902 was amended to include the mother. Thereafter, it was held by the Court of Appeals that the abandonment statute related to the parents of legitimate children only. *Mangum* v. *State,* 91 *Ga. App.* 520 (86 S. E. 2d 365). By the amendment of 1956 (Ga. L. 1956, p. 800), § 74-9902 was further amended to include the father and mother of a child, "either legitimate or illegitimate."

While the offense of abandonment may now be committed by either the father or the mother of a child, legitimate or illegitimate, the indictment should plainly show the relationship of the accused to the child, which is relied upon by the State, with the same degree of particularity as the wording of the statute.

In the present case the indictment alleges that the defendant on a named date abandoned "his minor child," which would import a legitimate child (*Rimes* v. *State,* 7 *Ga. App.* 556, supra; *Woodard* v. *State,* 18 *Ga. App.* 59, supra); yet the child's name is given as Deborah Elizabeth Collins, and the prosecutor is shown as Mary Collins, which would indicate that the child is asserted to be the illegitimate child of the defendant. The evidence necessary to sustain a conviction of abandonment of a legitimate child varies greatly from that necessary to sustain a conviction of the abandonment of an illegitimate child, since in

the latter case the evidence must not only show the wilful and voluntary abandonment of the child, but also the fact that the accused is the actual father of the child.

Code § 27-701 provides: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury." In *Locke* v. *State*, 3 *Ga.* 534, 540, it was stated: "The requirement of the statute is, that the offense must be so plainly stated that the juryman may easily understand its nature. Our construction of this statute is, that the indictment should leave nothing to inference or implication; but that its statements should be so plain that a common man may without doubt or difficulty, from the language used, know what is the charge made against the accused."

The indictment in the present case infers that the defendant is charged with being the father of an illegitimate child, and having abandoned it. It does not plainly state such accusation, and the defendant was entitled to such certainty of pleading, which he invoked by special demurrer, as will enable him to make his defense. *Johnson* v. *State*, 90 *Ga.* 441 (16 S. E. 92); *Brown* v. *State*, 116 *Ga.* 559 (42 S. E. 795). The special demurrers to the indictment should have been sustained. The other demurrers were properly overruled.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Candler and Quillian, JJ., who dissent.*