A99A2141. BOWEN v. THE STATE.
(528 SE2d 553)

ANDREWS, Presiding Judge.

Christopher Clarence Bowen was found guilty of abandonment of a dependent child and appeals from the judgment of conviction entered on the guilty verdict. Bowen's sole assertion of error is that the trial court erred by overruling his special demurrer by which he contended that the accusation, which alleged that he "abandon[ed]

---

Richard Smith, his child, leaving it in a [dependent] condition, . . ." failed to plainly show whether the State was alleging that the child he abandoned was his legitimate child or his child born out of wedlock.

We agree that the accusation should have plainly alleged whether the child at issue was Bowen's legitimate child or his child born out of wedlock. *Pasley v. State*, 215 Ga. 768, 770 (113 SE2d 454) (1960). The accusation against Bowen alleged that he abandoned "his child," which implied that the child was legitimate, but it also identified the child as having a different surname from Bowen, which implied that the child was born out of wedlock. Id. at 769-771. The evidence necessary to sustain an abandonment conviction differs depending on whether the abandoned child is alleged to be legitimate or born out of wedlock, since in the latter case the evidence must show not only abandonment but also that the accused is the biological father of the child. Id. at 770-771.

Because the present accusation failed to clearly allege whether the child was legitimate or born out of wedlock, so as to enable Bowen to make his defense to this specific allegation, the special demurrer should have been sustained prior to trial. *Pasley*, supra at 771. This does not mean, however, that Bowen is entitled to post-trial reversal of his conviction on this ground.

By special demurrer an accused claims, not that the charge in an indictment or accusation is fatally defective and incapable of supporting a conviction (as would be asserted by general demurrer), but rather that the charge is imperfect as to form or that the accused is entitled to more information. *State v. Eubanks*, 239 Ga. 483, 485-486 (238 SE2d 38) (1977). Even if a special demurrer making these claims is erroneously overruled prior to trial, on review of the conviction on appeal, the error will be found harmless if the accused was not misled to his prejudice by the claimed imperfection in the indictment or accusation. Id. at 486-489.

In the present case, Bowen alleges no prejudice to himself, and none is apparent from the record. The error was harmless, since the record shows that Bowen was aware the child was born out of wedlock — the very information that he sought by way of the special demurrer.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JANUARY 21, 2000.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Louis J. Kirby, Solicitor*, for appellee.