## 4470.   KING *v.* THE STATE.

RUSSELL, J.   1. A judgment for alimony is not necessarily a bar to a prosecution for abandonment.

2. Without reference to the effect generally of a judgment for alimony upon a prosecution for abandonment, a judgment for alimony against the accused and in favor of his wife and children would constitute no defense where it appeared that after the rendition of such judgment he abandoned his children, leaving them in a dependent condition, and failed to comply with the judgment. While it appears in the present case that the accused partially satisfied the judgment for alimony, there was evidence that he had not paid the judgment in full, and that he had abandoned his children, leaving them at that time in a dependent condition.                    *Judgment affirmed.*

DECIDED MARCH 18, 1913.

Accusation of abandonment; from city court of Jackson—Judge Fletcher.   October 4, 1912.

*W. E. Watkins,* for plaintiff in error.

*C. L. Redman, solicitor,* contra.

---

## 4490.   SMITH, alias WALTON, *v.* THE STATE.

RUSSELL, J   1. On the trial of one charged with the sale of intoxicating liquor, evidence that on the premises where the sale was alleged to have been made there were found numerous empty bottles which had contained whisky, and other bottles and jugs which did at the time contain whisky, was admissible, in corroboration of testimony in behalf of the State that a sale had been made.

2. There was no material error of law, and the evidence authorized the verdict.                    *Judgment affirmed.*

DECIDED MARCH 18, 1913.

Indictment for sale of liquor; from Floyd superior court—Judge Maddox.   October 4, 1912.

*Eubanks & Mebane,* for plaintiff in error.

*John W. Bale, solicitor-general,* contra.