BURGESS *et al. v.* SIMMONS *et al.; et vice versa.*

Nos. 13371, 13379.   DECEMBER 4, 1940.

*Walter DeFore, James C. Estes,* and *V. J. Adams,* for plaintiffs.
*James D. Shannon, Hall & Bloch, S. W. Hatcher,* and *James W. Dorsey,* for defendants.

ATKINSON, Presiding Justice. In *Collier* v. *State,* 115 *Ga.* 803 (42 S. E. 226), it appeared that during the trial certain demonstrations were made in the court-room, and subsequently both in the court-room and the court-yard while the jury were considering the case. It was there ruled that the plaintiff in error did not have a fair and impartial trial in the manner contemplated by law, which is guaranteed to him by the constitution of this State; and whether the verdict was or was not supported by the evidence, it must for this reason be set aside. In the opinion Mr. Justice

Little said: "Without any reference to the correctness or incorrectness of the verdict rendered in the case under the evidence which was submitted, we must, in deference to the obligations which we have assumed, as we understand them, reverse the judgment of the court below, because the defendant's guilt has not been established by a fair and impartial trial in the manner contemplated by law." The principle underlying this decision is that if one has not had a fair and impartial trial in the manner contemplated by law and guaranteed to him by the constitution, a new trial will be granted without reference to the correctness or incorrectness of the verdict. It is as essential to a fair and impartial trial that the trior (the case being one before an examiner under the land-registration act) not be disqualified to act, either from relationship or previous employment, as it is that the orderly progress of the case be not disturbed by boisterous outbreaks of the spectators in the court-room and in the court-yard. *Smith* v. *Queen Insurance Co. of America,* 41 *Ga. App.* 587 (153 S. E. 785), was a suit on a policy of insurance. It appeared that the judge of the city court of Eastman, before the filing of the suit, had represented the plaintiff in negotiations with the defendant, touching the cause of action sued on. In ruling that he was thereby disqualified to preside at any hearing of a judicial nature in the suit as subsequently filed by another attorney, the Court of Appeals ruled: "Such disqualification of the judge prohibited the entering by him of orders to extend the time of service and appearance, and to issue new process, since the propriety of such orders depended upon the diligence or laches of the plaintiff with reference to the perfecting of service before the return term." In the opinion it was said, that although the attorney held disqualified "had not represented the plaintiff in any case in court, with reference to the cause of action sued on," nevertheless "he had been 'of counsel in the cause' within the meaning of the statute."

In *East Rome Town Co.* v. *Cothran,* 81 *Ga.* 359 (8 S. E. 737), where a sale of a trust estate in which minors were the beneficiaries was adjudged illegal, and an effort was made to legalize it by having the sale duly confirmed, it was held: "Granting that a sale made under an order obtained without representation of the minors might be duly confirmed at chambers, with such representation then had, the order of confirmation, if passed by a judge of the superior

court who was of counsel when the original order was passed, would be voidable at the election of the minors after attaining majority." In the opinion Chief Justice Bleckley said: "It is urged upon us that as Judge Underwood was absent when the business was transacted by his copartner in the firm name, and knew nothing of it, and never received any compensation for the service which his copartner in the name of the firm rendered, and did not become judge till long afterwards, he was free from disqualification; but we think otherwise. What his partner did in the firm was done by the firm, and upon the firm responsibility; and this was so whether compensation was charged or not. When counsel, as counsel, render service gratuitously, and put themselves on record as of counsel for one of the parties, they are not thereafter eligible to adjudicate upon the results of such service, whether they have acted gratuitously or for compensation. Considerations of public policy are involved in the question. Freeman on Judgments, § 144 et seq." See Code, § 24-102. By analogy, the cases cited above are applicable to the issue presented in the instant case. The error here pointed out rendered all further proceeding nugatory. The judgments on both the main bill and the cross-bill of exceptions are reversed on the ground of the disqualification of the examiner, without prejudice to either party on another hearing before another examiner. *Judgments reversed. All the Justices concur.*