## MURRAY COUNTY *v.* PICKERING.

No. 14318.  DECEMBER 2, 1942.  REHEARING DENIED DECEMBER 14, 1942.

*Jesse M. Sellers* and *Wright & Willingham,* for plaintiff.

*W. B. Robinson* and *C. N. King,* for defendant.

BELL, Presiding Justice. (After stating the foregoing facts.) The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

We are of the opinion that the judge erred in declining to hold himself disqualified; and as this error rendered the further proceedings nugatory, no other question will be decided.

The motion to disqualify was based on two grounds: (1) that the judge while practicing as an attorney had represented the defendant in previous litigation regarding the subject-matter; (2) that the firm of which he was then a member had represented and advised the defendant in the settlement and accounting between defendant and Murray County, and represented him as attorney in all transactions between them touching the matters and things set forth in the petition.

In a supplemental brief for the plaintiff it is stated: "We do not believe that ground one of the written motion to disqualify is sufficiently supported by the evidence." Whether this statement should be taken as an abandonment of this ground, it can not be treated as an abandonment of the second ground, in view of the continued insistence thereon; and this is true notwithstanding "the likeness and similarity" of the two grounds, as pointed out by counsel for defendant. In the circumstances, however, we shall deal only with the second ground.

Whether the judge's own statement might properly have been considered as evidence, if objection had been made, or if there had been no consent, yet the order states that it *was* considered, and the bill of exceptions as duly verified recites that it "was assented to as being the true facts applicable to said motion," and was "accepted as evidence by both parties."

The statement will therefore be "accepted" by this court as evidence on the motion; and so treating it, we are of the opinion that, whether it might have sustained ground 1, it did sustain ground 2. We quote the statement again, as follows: The court: "I can state that the motion states the true facts. Because I did represent Mr. Pickering through that litigation, or the firm of which I was a member, at that time. I also represented him and was present at the time the final settlement was made with the county; but in view of those facts, I do not think that it is such—not being the same case—would be such as to disqualify me, as I no longer have any connection, have had no connection with Mr. Pickering's litigation since the conclusion of that case."

The judge doubtless would have greatly preferred to hold himself disqualified, but at the same time felt it his duty to preside unless he were in fact disqualified; and it may be that under some authorities he would not have been disqualified. 30 Am. Jur. 789, § 81; 33 C. J. 1003, § 160.

Under the Code, § 24-102, a judge is disqualified to "sit in any cause or proceeding . . in which he has been of counsel;" and according to our view, the motion and the evidence established disqualification under this rule. The matter in controversy was whether the defendant was indebted to the county as result of transactions in which he handled the county's money in the construction of a designated highway. This very matter had been

drawn in question either directly or indirectly in former litigation; and regardless of the judge's connection with that litigation, an accounting and settlement necessarily had to be made at some time. The judge stated that he represented the defendant and was present at the time the final settlement was made. In *Smith* v. *Queen Insurance Co.*, 41 *Ga. App.* 587 (2) (153 S. E. 785), it was held that the language above quoted from the Code, § 24-102, being remedial in nature, should be liberally construed, and that the word "cause" should not be limited to a suit or proceeding in court. A part of that decision was quoted with approval by this court in *Burgess* v. *Simmons*, 191 *Ga.* 322 (12 S. E. 2d, 323), in which the opinion was prepared by Presiding Justice Atkinson, and was concurred in by all the Justices.

This is not a case where an attorney, who afterwards became judge, merely drew a contract on which a suit or defense was founded, but the subject-matter was involved in controversy before the suit was instituted, and the judge represented the defendant in bringing it to a settlement. The validity and correctness of this settlement were challenged in the present suit; and in view of his previous connection therewith as an attorney, the judge was disqualified to preside over such contest.

While the former controversy may have arisen only upon complaint of a taxpayer, this fact would not alter the conclusion here, as a taxpayer may intercede regarding county affairs when he is in danger of financial loss.

The judge erred in not holding himself disqualified, as urged in the second ground of the motion; and for this reason the case must be remanded, without reference to the merits.

*Judgment reversed. All the Justices concur, except Hewlett, J., disqualified.*