HALL *v.* THE STATE.

No. 15674.  FEBRUARY 4, 1947.  REHEARING DENIED MARCH 20, 1947.

*J. T. Sisk,* for plaintiff in error.

*R. Howard Gordon, Solicitor-General,* and *Robert M. Heard,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The ground of the amendment to the motion in arrest of judgment, which attacked the constitutionality of the sentence as being in violation of article 1, section 1, paragraph 9, of the Constitution of Georgia of 1945 (Code, Ann. Supp., § 2-109), in that it imposes an unusual punishment, and also attacking the sentence as being in violation of article 1, section 1, paragraph 21, of the Constitution of 1945 (Code, Ann. Supp., § 2-121), in that it amounted to imprisonment for debt, not having been insisted upon in the brief or orally before this court, will be treated as abandoned. *City of Hawkinsville* v. *Williams,* 185 *Ga.* 396 (2) (195 S. E. 162) ; *Powell* v. *Powell,* 196 *Ga.* 694 (27 S. E. 2d, 393).

■ "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amend-

able which appears on the face of the record or pleadings." Code, § 110-702. Section 110-703 also provides that such motion "must be predicated on some defect which appears on the face of the record or pleadings." Section 27-1601 provides that "no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment." Where it is sought to arrest a judgment imposing a sentence in a criminal case, the "face of the pleadings" have been held to be the indictment, plea, verdict, and judgment. *Pippin* v. *State,* 172 *Ga.* 224 (157 S. E. 185).

A motion in arrest of judgment being narrow and restricted in its province, we are therefore limited to the face of the pleadings in determining whether a violation of the constitutional provisions as to former jeopardy (Code, §§ 1-805, 2-108) is presented by the record. It must be borne in mind that only a portion of the statute defining abandonment and making it a criminal offense is under attack. The entire statute is quoted in the original motion, which is set forth in the above statement of facts, as is also the portion thereof which is attacked as unconstitutional and the constitutional provision invoked, and reference thereto will be had without recopying it here in its entirety. The attack is not made on the entire statute nor upon the part thereof which defines abandonment and makes it a crime, but only on that portion of the statute which provides: "Former acquittal or conviction of said offense shall not be a bar to further prosecution therefor under this section; if it shall be made to appear that said child was in a dependent condition as defined herein for a period of 30 days prior to the commencement of prosecution." Code (Ann. Supp.) § 74-9902.

The question, therefore, narrows down to whether this particular provision of the statute is presented, and its constitutionality attacked by the face of the pleadings, to wit, the indictment, plea, verdict, and judgment. The indictment alleges only that the defendant did "wilfully and voluntarily abandon his children . . leaving them in a dependent condition," and contains no allegations which would seek to apply the portion of the statute here complained of by alleging and seeking to make valid the instant prosecution, notwithstanding a previous conviction or acquittal. Neither is there anything in the plea, verdict, or judgment to

show that the portion of the statute here complained of was invoked in the instant case. In *Boswell* v. *State,* 114 *Ga.* 40 (2) (39 S. E. 897), it is stated that an indictment based upon an unconstitutional statute may be taken advantage of by motion in arrest of judgment. Whether this was obiter dicta, or whether under some conditions this would be correct, need not here be determined. But where, as in the instant case, the face of the pleadings, to which we are confined and circumscribed by the rules of law, nowhere refers to or invokes the portion of the statute asserted to be unconstitutional, the constitutionality of this portion of the statute is not drawn into question, so as to present the question for determination.

■ In view of the foregoing as to the constitutional questions, and applying to the plea of autrefois acquit the Code, § 74-9902, as amended by the act approved January 31, 1946 (Ga. L. 1946, p. 63), the court did not err in denying such plea. The plea showed that the accusation in the City Court of Elberton upon which the accused was acquitted was dated August 9, 1945, alleging that the crime occurred on a previous date; and the indictment upon which the instant trial took place was returned into court March 13, 1946. The statute provides: "Former acquittal or conviction of said offense shall not be a bar to further prosecution therefor under this section; if it shall be made to appear that said child was in a dependent condition as defined herein for a period of thirty (30) days prior to the commencement of prosecution." It is therefore clear that there was ample time before the commencement of the second prosecution for the State to show the dependent condition of the child or children more than thirty days before the commencement of the second prosecution and subsequently to the institution of the first prosecution.

Nor does the fact that the accused and the State agreed that the accused and his family had not cohabited, and that he had lived separate and apart from the children since the original separation prior to the first prosecution, make the plea of autrefois acquit good. By the act of 1941, p. 481 (Code, Ann., § 74-9902) the offense of abandonment was made a continuing offense, and it was therefore not required of the State to show a return to the children and a subsequent abandonment following the original abandonment for which he was first tried. The rulings in *Gay* v.

48

*State*, 105 *Ga*. 599 (31 S. E. 569, 70 Am. St. R. 68), and *Blackwell* v. *State*, 48 *Ga. App.* 221 (172 S. E. 670), are not now controlling, for the reason they were made prior to the act of 1941, p. 481, which made the offense continuing.

We have carefully examined the two grounds of the amended motion excepting to portions of the charge, and also the two grounds excepting to the admission of testimony, none of which sets forth reversible error. The verdict was authorized by the evidence, and the trial judge did not err in overruling the motion for new trial. *Judgment affirmed. All the Justices concur.*