### 32602. OZBURN *v.* THE STATE.

DECIDED JULY 16, 1949. REHEARING DENIED JULY 29, 1949.

*John D. Parker, W. F. Moore, Vester M. Ownby,* for plaintiff in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, William Hall,* contra.

GARDNER, J. (*a*) M. S. Ozburn was accused in the Criminal Court of Fulton County of abandonment, in that he (omitting the formal parts) did, "In Fulton County on the 1st day of January, 1948, wilfully and voluntarily abandon his minor children," five in number, "leaving them in a dependent condition." A jury was chosen, evidence submitted, and after argument and the charge of the court the jury returned a verdict of guilty. The defendant made application for certiorari to the Superior Court of Fulton County. On hearing, his certiorari was overruled. Error is assigned here on this judgment overruling the certiorari.

The indictment was brought under the Code, § 74-9902. The basic act of this Code section will be found in the Acts of 1866 (p. 151). The act has been since amended several times, but in no material way affecting the question here presented. The

record here discloses that the defendant and his wife obtained a divorce in 1946. The children were awarded to the mother. Thereupon, alimony of $4 per week for each child was awarded to support the minor children, and $5 per week for the support of the wife. We are not here concerned with the alimony awarded to the mother; we are concerned only with the award to the children. In the order of the judge of the superior court overruling the certiorari, he says in part: "We are familiar with the cases of *Brock* v. *State,* 51 *Ga.* 417, and *McComas* v. *State* [meaning *Glendinning,* et al.], 59 *Ga. App.* 234, affirmed on certiorari 188 *Ga.* 345, and have heretofore applied the rulings of these cases to abandonment cases, but in view of the fact that the trial judges have taken the view that these cases are not binding authority on abandonment cases, we feel that the law should be definitely settled and decided by the appellate courts of this State. Upon consideration of the said certiorari, after argument, it is ordered that the same be and is hereby overruled. [Signed] Bond Almand, J. S. C. A."

(b) It is agreed that the only question before this court is whether, after a decree of divorce and an award for the support of the children, the father of such children can be prosecuted for abandonment under the Code section, supra. In effect the question is limited and restricted under the record of this case to the question: After such judgment and award of alimony for the support of minor children, can the father be prosecuted for abandonment where he does not comply with the judgment, and where, as here, the record reveals that he only partially complied with the decree of the court? The question as to whether the father would be criminally liable under the abandonment section if he fully complied with the judgment of the court in paying the amount required of him is not before this court for decision, and what we might say here in regard thereto would be obiter dictum. We think the question has been settled by this court, under the record of this case, in *King* v. *State,* 12 *Ga. App.* 482 (77 S. E. 651), wherein Judge Russell, speaking for the court, said: "1. A judgment for alimony is not necessarily a bar to a prosecution for abandonment. 2. Without reference to the effect generally of a judgment for alimony upon a prosecution for abandonment, a judgment for ali-

mony against the accused and in favor of his wife and children would constitute no defense where it appeared that after the rendition of such judgment he abandoned his children, leaving them in a dependent condition, and failed to comply with the judgment. While it appears in the present case that the accused partially satisfied the judgment for alimony, there was evidence that he had not paid the judgment in full, and that he had abandoned his children, leaving them at that time in a dependent condition."

The jury in the instant case were authorized to find, under the present record, that the defendant only partially—and in a very small part—complied with the judgment and decree of alimony for the support of his wife. and the minor children. Of course the alimony for the mother is not involved here. We have considered the cases mentioned in the order of the judge of the superior court, Honorable Bond Almand. The case of *Brock* v. *State*, 51 *Ga. App.* 414 (180 S. E. 644), written by Judge MacIntyre, now Presiding Judge, has no application, because the facts in that case did not involve a decree for alimony by a judge of the superior court. As will be seen by a reading of that decision, it was decided on a state of facts entirely different from that presented in this record. We have also carefully studied the case of *McComas* v. *Glendinning*, 59 *Ga. App.* 234 (200 S. E. 304). That case involved an adoption proceeding, and in no way controls the issue now before this court. We do not think that the writer of that opinion, Judge Felton, intended by any language used therein to say anything that would be an attempt to decide the question presented to this court under the instant record. The last case went by certiorari to the Supreme Court, and the judgment of the Court of Appeals was affirmed. *Glendinning* v. *McComas*, 188 *Ga.* 345 (3 S. E. 2d, 562). During the course of the opinion on certiorari, on page 346, Justice Bell, speaking for the court, said: "While the penal statute as to abandonment of a child by the father (Code, § 74-9902), may be considered, it is not the criterion here." It will thus be noted that the Court of Appeals in *McComas* v. *Glendinning*, supra, did not have before it and did not attempt to pass on the question here presented, and neither did the Supreme Court in its judgment

826

affirming the Court of Appeals in that case recognize that the Court of Appeals had attempted to or did decide the question presented in the instant case.

There are many authorities cited by counsel for the State, and some cited by counsel for the defendant, both from our appellate courts and from foreign jurisdictions and treatises on the question of the lawful duty of a father to support his minor children, and concerning criminal statutes upon his failure to do so, but we do not think it necessary to go into them here, because *King* v. *State,* supra, is binding on this court and is on all-fours with the record in the instant case.

The court did not err in overruling the certiorari for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*