33973. COX *v.* THE STATE.

DECIDED MARCH 19, 1952.

*Sam P. Burtz, Jack H. Zinkow,* for plaintiff in error.

*Jas T. Manning, Solicitor-General, A. J. Henderson,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground 1 of the amended motion for a new trial assigns error on the judge's refusal to disqualify himself on the ground that he had been a practicing attorney representing the defendant in the previous abandonment case in 1933 regarding the same child. The only provision of Code § 24-102 with which we are concerned here provides that no judge shall preside, act or serve in any case "in which he has been of counsel." The provisions of this Code section are exhaustive, and a judge will not be disqualified unless he falls under one of the prohibitions therein contained. *Moore* v. *Dugas,* 166 *Ga.* 493 (143 S. E. 591) ; *Long* v. *State,* 25 *Ga. App.* 22 (102 S. E. 359). Where, as an attorney, the judge handled the same transaction which is the subject matter of the litigation, he will be disqualified. *Murray County* v. *Pickering,* 195 *Ga.* 182 (23 S. E. 2d, 436). But a case where the judge "has been of counsel" means the particular case being tried, and the fact that he has represented the party in another case will not

disqualify him. Duncan *v.* Atlantic Coast Line R. Co., 223 Fed. 446. The trials of the defendant for two abandonments, one in 1933 and the other in 1948, involve separate crimes and entirely different evidence, and therefore do not involve the same transaction. The motion was very properly overruled by the trial court.

■ Special grounds 5 and 6 complain of the court's refusal to allow certain evidence concerning payments of $5 per week toward the support of the minor child, made after the grand jury had returned the indictment in December, 1948. If the facts stated by the defendant are true, this evidence would not only have shown payments made for a part of the time between the return of the indictment and the date of trial, but would also have shown that no payments whatever were made during another part of this time. Obviously, proof of criminal acts after the return of the indictment could form no basis for conviction, as they are not relevant to the offense charged. For the same reason, proof that the defendant had supported the child to some extent after the indictment was sued out would not be relevant to prove his innocence of the crime charged. The trial court did not err in refusing to allow this evidence.

■ Special ground 4 complains of the refusal to allow the introduction, over objection, of the official books of record kept by the clerk of the superior court during 1947 and 1948, showing payments made by the defendant for the support of the minor child. However, the facts contained in the court registry were the subject of testimony by the clerk who had entered them up therein and who testified in detail as to the payments actually made. Consequently, although it would appear that such official records would be admissible to prove the fact that payments were made into court (see, on the subject of introduction of original records in the same court where the case is pending, *Deck* v. *Deck*, 193 *Ga.* 739, 20 S. E. 2d, 1; *Sellers* v. *Page*, 127 *Ga.* 633, 56 S. E. 1011), it further appears that the clerk testified as to the facts contained in the record, and that the original records were present in court, where they might be examined by the judge and counsel. The defendant was therefore not harmed by the rejection of this evidence. This ground of the amended motion for new trial is without merit.

■ Error is assigned in special ground 2 on the rejection of the original sentence imposed in the 1936 abandonment case; in special ground 3 on the rejection of the sentence as contained in the official minute book of the court; and in special grounds 7 and 8 on the court's statement in refusing this evidence, that "the whole question here is whether or not he has paid a sufficient amount of money for the support of the child within the two years prior to December 7, 1948."

It should be observed that the entire defense was based on the theory that there had been no abandonment because the defendant had, from 1936 to the date of the indictment on which this case was tried, paid for the child's support sums of at least the amount which the court had required him to pay; that the amount necessary for the child's support had been determined in 1936 and had never been changed, and that, when he had paid the amount which the court adjudged necessary for support, he could not be said to have "wilfully and voluntarily" abandoned his child. This contention is based upon the following provision in the sentence of the court: "This sentence is suspended so long as the defendant pays $3.00 per week for the support of his child to the clerk of court." The question is therefore whether or not compliance with this provision of the sentence on the part of the defendant would provide a defense against the charge of abandonment; it being admitted that $3 per week would probably not, as a matter of fact, have been sufficient in 1948 to "furnish sufficient food and clothing for the needs of the child," as contemplated by Code § 74-9902. Similar questions have arisen in abandonment proceedings where there had been a prior alimony decree setting an amount which the defendant should pay for the support of a named child; and the courts have indicated that compliance with such decree might be a sufficient defense, although under the facts of those cases the defense was not established because the defendant had in fact failed to pay the amounts due under the alimony decree. *King* v. *State*, 12 *Ga. App.* 482 (77 S. E. 651) ; *Ozburn* v. *State*, 79 *Ga. App.* 823 (54 S. E. 2d, 376). And in *McComas* v. *Glendinning*, 59 *Ga. App.* 234, 236 (200 S. E. 304), it was held: "Refusal to provide a child with the necessities of life is only one element in the act of abandoning a child. In this case it appears from the petition

■

that the father did not desert his son, but that the care, custody and control of the son were taken from him by a decree of court. Under the Georgia law such a decree would preclude a prosecution for abandonment in the absence of an actual abandonment, and the mother and son would be relegated to their remedies under the decree for the reason that there is no voluntary action when the law takes jurisdiction and fixes the status of the parties." However, the sentence or decree under which the law fixes the status of the parties must be a valid decree, for no rights or liabilities accrue to either party by reason of an order which is absolutely void. The sentence in the present case was a suspended sentence, conditioned to "begin and be counted from the time of the reception of said defendant in the chaingang under this order and judgment. This sentence is suspended so long as the defendant pays $3.00 per week for the support of his child to clerk of court." As the defendant was never received into the chaingang, his term of sentence was never begun. A suspension provision in a sentence—such as this— was, prior to the act of 1933 (Code, § 27-2706), void. As stated in *Neal* v. *State*, 104 *Ga.* 509, 515 (30 S. E. 858), "Such words in such a sentence are of no legal force, and consequently should be ignored and the sentence executed just as if they did not appear therein." By the act of 1941 (Code, Ann. Supp., § 27-2707) suspended sentences of this sort were made legal in abandonment and bastardy cases; but this law is not retroactive and does not have the effect of legalizing such provision in a sentence entered before 1941. *Clarke* v. *Carlan*, 196 *Ga.* 130 (26 S. E. 2d, 362). It cannot therefore be held as a matter of law that compliance by the defendant with the terms of the 1936 sentence—the portion of which relating to its suspension upon payment of $3 per week being a void proviso—would necessarily be a defense to the present prosecution.

On the other hand, we think that it was certainly a circumstance tending to show the good faith of the defendant, and for that reason should have been admitted in evidence for the consideration of the jury. "There are two elements in the offense of abandonment of child: (a) desertion, that is, the wilful forsaking and desertion of the duties of parenthood; (b) dependency, that is leaving such child in a dependent condition. Both elements must be present to complete the offense." *Blackwell* v.

*State*, 48 *Ga. App.* 221 (172 S. E. 670). As stated in *Brock* v. *State*, 51 *Ga. App.* 414, 418 (180 S. E. 644): "Intention is peculiarly a part of the offense of abandonment." See also *Phelps* v. *State*, 10 *Ga. App.* 41 (72 S. E. 524), holding that intention is essentially a part of every crime, and particularly that of abandonment. There is no crime, under the terms of the Code section, unless the abandonment is "wilful and voluntary." Under these circumstances, the defendant was entitled to introduce the former sentence and his compliance therewith to throw light on the question of whether or not his abandonment, if any, of his minor child was wilful and voluntary, this being a question for the jury to determine after a consideration of all the evidence relating to the question.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*