### 34389. DYER *v.* THE STATE.

DECIDED JANUARY 20, 1953.

*Ed Quillian,* for plaintiff in error.

*Jeff C. Wayne, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ In his charge to the jury the court, after defining the offense, charged as follows: *"Now, with reference to the decree of alimony that has been introduced in evidence here, I charge you that if there has been full compliance of the order of alimony so far as the minor children are concerned, there could be no violation of the law and you should return a verdict of not guilty. However, if you find there has not been a full compliance with the alimony—that is, if it has not been paid in full, then you would be authorized to find the defendant guilty,* provided you believe him guilty beyond a reasonable doubt as to the other features of it." Complaint is made of the italicized portion of the charge as denying to the defendant his defense in the case, and making compliance with the alimony judgment the sole basis for conviction. Had the judge charged only the italicized portion complained of, it would certainly have constituted reversible error. However, he added to that portion of the charge the following: "provided you believe him guilty beyond a reasonable doubt as to the other features of it." There is no assignment of error that the court failed to charge all of the material elements constituting the offense of abandonment. Where there is an alimony decree not complied with, and where the other elements of abandonment appear, the offense is established. *Ozburn* v. *State,* 79 *Ga. App.* 823 (54 S. E. 2d, 376). This assignment of error is therefore without merit.

■ The first special ground of the amended motion for new trial not being argued by counsel is treated as abandoned. It is contended, under the general grounds, that there is no evidence to prove that the abandonment, if any, on the part of the defendant was wilful. The desertion contemplated under Code § 74-9902 must be wilful and voluntary—that is, without coercive cause. *McDaniel* v. *Campbell*, 78 *Ga.* 188 (2). As defined in *Blackwell* v. *State*, 48 *Ga. App.* 221 (172 S. E. 670), it means a wilful forsaking and desertion of the duties of parenthood. It is true that some of the duties of parenthood—indeed, most of them—were removed from the father by the decree placing the children's custody in their mother. One duty, however, of parenthood did remain—that of support. The mother testified that the defendant left her and the children in Hall County. Thereafter, he failed to provide the parental support which still remained his duty. He contended that this was not wilful on his part, as he had been unable to work, but apparently the jury did not believe his statement. They were therefore authorized, under the decision of *Ozburn* v. *State*, supra, to find that there had been a wilful and voluntary desertion, and also to find that the children were in a dependent condition.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*