34481.   BARROW *v.* THE STATE.

DECIDED FEBRUARY 12, 1953.

*Joseph T. Grice*, for plaintiff in error.

*John P. Rabun, Solicitor, R. L. Carr*, contra.

TOWNSEND, J. (a) The special ground of the amended motion for a new trial contends that the court erred in charging the jury as follows: "The defendant in this case contends, as I understand, that when or about the time that he and his former wife were divorced that he entered into a written agreement with her under the terms of which he was to give her certain property for the support of herself and children, and he further contends, as I understand, that he carried out his part of this agreement by delivering this property to her. If you find some evidence about such an agreement, I charge you that the making of such an agreement and the carrying out of it, did not excuse the defendant from supporting his children, and you can only consider any evidence before you of such an agreement, in determining whether his conduct in not providing for them, if you find that he has not done so, was wilfully done."

"The fact that a divorce decree has been entered placing custody of minor children in the mother will not bar a prosecution for abandonment on the theory that the defendant cannot 'abandon' children whose custody has been taken from him by process of law." *Dyer* v. *State*, 87 *Ga. App.* 440 (74 S. E. 2d, 129). Partial compliance with a valid divorce decree, or full compliance with a void judicial order containing provisions for the support of minor children, does not as a matter of law demand a verdict of acquittal of the offense of abandonment, but as evidence, is always relevant on the question of whether the defendant's conduct was wilful and voluntary. *Cox* v. *State*, 85 *Ga. App.* 702 (4) (70 S. E. 2d, 100); *Ozburn* v. *State*, 79 *Ga. App.* 823 (54 S. E. 2d, 376). In the latter case it was specifically pointed out that the question as to whether a father would be criminally liable under the abandonment section if he fully complied with the judgment of a court in paying the amount required under a decree of divorce—assuming that such amount was not sufficient for the needs of the children—need not there

be decided. Nor need such question be decided here, for the contract entered into between the father (this defendant) and the mother, purporting to be "in lieu of" support for the children, was never made the judgment of any court. As a contract between the parties it was no doubt valid and enforceable, but the present action is not between a husband and wife, but between a defendant and the State. That the contract was admissible in evidence as bearing upon the defendant's good faith is unquestioned, and the court properly so charged. A contract between the parties as to provisions for the custody and support of minor children, however, although binding as between themselves, is not binding upon a jury passing upon the issues involved therein, for "when the welfare of children is concerned, the parents can not by contract so bind themselves as to foreclose the court from an inquiry as to what that welfare requires." *Barbee* v. *Barbee*, 201 *Ga.* 763, 769 (41 S. E. 2d, 126). *Ramsay* v. *Sims*, 209 *Ga.* 228 (71 S. E. 2d, 639), *Coffee* v. *Coffee*, 101 *Ga.* 787 (28 S. E. 977), and other cases cited by counsel for the defendant are not applicable, in that the separation agreements there involved were made the judgment of a court having jurisdiction to determine the amount to be awarded for the support of the minor children involved.

The portion of the charge complained of is, in consequence, not erroneous as eliminating from the consideration of the jury whether the contract was valid as between the husband and wife.

(b) It is further contended that this excerpt from the charge is erroneous in eliminating from the consideration of the jury the question of whether the amount paid to the wife under the agreement was in fact ample support for the children, and in requiring the jury to find the defendant guilty if the children were in a dependent condition, regardless of whether the amount paid to the wife would have been ample for their support. It was admitted that the furniture and automobile were turned over to the wife.

The construction of a contract is a question of law for the court. Code, § 20-701. The contract in question provided that the property involved, the value of which the defendant estimated at $3000, was to be delivered to the wife; and this settlement upon her was mutually agreed to be "*in lieu of* all alimony

or support for the aforesaid party and the children named." It is clear that the defendant did not intend to relinquish the property for the purpose of supporting the children, but that he turned it over to his wife only as a consideration for her promise to make no claims against him for alimony or the support of the children. Thus, by agreement, she took upon herself the obligation of supporting them, which obligation, under her testimony, she was unable to fulfill. The court in its charge correctly stated the contention of the defendant that he had turned over the property for the support of the children; but this contention is not supported by the evidence of the contract itself, which clearly shows that the property was not *for* such support, but a consideration directly to the wife *in lieu of* the fulfillment of this obligation by himself. Thus the defendant attempted, by his own act, not to provide for the children, but to absolve himself from the responsibility imposed on him by law to make such provision. In discussing this subject, the following is stated in 39 Am. Jur., Parent and Child, § 108: "Nor can a father relieve himself of liability under the nonsupport and desertion statutes by voluntarily relinquishing the child and permitting it to remain away from him in the mother's custody. The mere fact that under an agreement between the parents, one parent has been given custody of the child and has, for a sufficient consideration, agreed to keep and maintain it, has been held no defense to a prosecution of a parent for failure to provide the child with the necessary and proper home, care, food, and clothing. According to other authority, however, a parent whose children, pursuant to his own contract or a court order, have been placed in the custody of a third person who has agreed to care for and support them cannot be said to have wilfully neglected them where, so far as he knows, such children are being so cared for."

There is no doubt but that the defendant here was informed of the children's need, and thereafter refused to provide for them. The right of a minor child to support should not be contracted away by parents in such manner as to leave it in a dependent and destitute condition, for courts look primarily to the welfare of the child rather than to the intention of the parents, and will not hold contracts between parents *inter se* as

binding, to the exclusion of the welfare of the minor involved. It has been held that the fact that the mother supplied the child with food, shelter, and clothing is no defense as against a father charged with abandonment. *Campbell* v. *State*, 20 *Ga. App.* 190, 192 (92 S. E. 951); *Chandler* v. *State*, 38 *Ga. App.* 362 (144 S. E. 51). Recognizing that, where the father in fact turned over to the mother a sufficient amount for the support of the children, this would constitute a defense to the action, such situation does not arise where the father turns over property, not for support, but as a consideration for freeing himself from any obligation in this regard, and thereafter the children are not in fact provided for.

The court applied the proper rule of law to the contract here involved, and the evidence authorized a verdict against the defendant.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*