## 35070. WELTZBARKER *v.* THE STATE.

DECIDED MARCH 11, 1954.

*L. L. Moore, R. Lamar Moore,* for plaintiff in error.

TOWNSEND, J.   Code (Ann. Supp.) § 74-9902 provides in part as follows: "If any father or mother shall wilfully and voluntarily abandon his or her child, leaving it in a dependent condition, he or she, as the case may be, shall be guilty of a misdemeanor.   The wife and husband shall be competent witnesses, in such cases, to testify for or against the other.   A child thus abandoned by the father or mother shall be considered to be in a dependent condition when the father or mother charged with the offense does not furnish sufficient food and clothing for the needs of the child.   The offense of abandonment shall be and is hereby declared to be a continuing offense.   Former acquittal or conviction of said offense shall not be a bar to further prosecution therefor under this section; if it shall be made to appear that said child was in a dependent condition as defined herein for a period of 30 days prior to the commencement of prosecution."   It was held in *Gay* v. *State,* 105 *Ga.* 599 (31 S. E. 569) that, after a completed act of desertion there can not be a new act of abandonment until there is a return to the parental duties, followed by another act of desertion.   It was held in *Blackwell* v. *State,* 48 *Ga. App.* 221 (172 S. E. 670) that merely contributing small sums to the support of the minor dependent children is not such actual return to the children and assumption of parental control as will constitute the failure thereafter to support the children a *new* act of desertion rather than a continuation of the original act of desertion.   These cases, in view of the act of 1941 (Ga. L. 1941, pp. 481, 483), no longer constitute a defense to a second prosecution for abandonment after a former acquittal of conviction (see in this regard *Hall* v. *State,* 202 *Ga.* 42, 42 S. E. 2d 130) but they are still authority insofar as they hold what

elements must be present to constitute a second abandonment. Since the original abandonment in the case at bar occurred—insofar as can be concluded from the record here—in Florida in 1949, the venue of the offense, it being continuing in nature, is in the State of Florida rather than in the State of Georgia. Since there was, after 1949, no resumption of parental rights or duties (the mere contribution of the $120 about three years prior to this action not being sufficient in law to constitute a return to the discharge of parental duties), the abandonment has been continuous since the 1949 separation, and the venue of this offense lies in Florida rather than in Georgia. *Cleveland* v. *State*, 7 *Ga. App.* 622 (2) (67 S. E. 696). Mere failure to provide adequate shelter, food, and clothing for minor children is alone not sufficient to support a conviction of abandonment, it being required also that in addition such failure must be wilful and voluntary and a failure to give parental care. *Brock* v. *State*, 51 *Ga. App.* 414 (180 S. E. 644); *Blackwell* v. *State*, supra. This case must fall under this rule rather than the one supported by another line of cases, where, by reason of divorce, alimony, or custody proceedings, the parental control has been taken from the defendant by operation of law and he is left only with the duty to furnish support. *Dyer* v. *State*, 87 *Ga. App.* 440 (2) (74 S. E. 2d 129); *Ozburn* v. *State*, 79 *Ga. App.* 823 (54 S. E. 2d 376).

Although venue as such must be raised by a special ground of a motion for new trial (Code § 6-1609), nevertheless, the defendant was entitled to have the controlling issues of law charged as presented by the evidence. Accordingly, the trial court erred in refusing to charge the timely written request of the defendant, as follows: "If you find from the evidence in this case that the wife left the defendant in Florida and came to Colquitt County and brought the children with her and that she remained here all since, and if you find further that the defendant never came to Colquitt County and again assumed the duty of supporting them in Colquitt County, Georgia, then and in that event, the court would not have jurisdiction, and a verdict of not guilty is demanded, and it will be your duty to so find."

The trial court erred in overruling the motion for a new trial as amended.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*