## 55571. DORSEY v. THE STATE.

Webb, Judge.

Dorsey was convicted of the crime of abandonment, and sentenced to twelve months in prison to be probated on condition that he pay the sum of $50 a week for the support of his two minor children until they attain the age of majority. In addition he was fined the sum of $50 payable at the rate of $10 a month.

1. In his first enumeration Dorsey asserts that the trial court erred in overruling his motion for new trial because the state failed to prove the elements necessary to warrant a conviction of abandonment under Code Ann. § 74-9902. Specifically, he argues (a) that he could not wilfully or voluntarily leave the children in a dependent condition since their care, custody and control had been removed from him by his divorce from their mother, and (b) that it was not shown that he left the children in a dependent condition for 30 days prior to the commencement of this prosecution. Both of these contentions are without merit.

(a) It is undisputed that Dorsey was in arrears in his child support payments under the divorce and alimony decree. "Where there is an alimony decree not complied with, and where the other elements of abandonment appear, the offense is established." *Dyer v. State,* 87 Ga. App. 440, 441 (74 SE2d 129) (1953). "The question then tends to resolve itself into whether, after a decree of divorce and an award for the support of a child, the father of that child can be prosecuted for abandonment where he does not comply with the judgment or has only partially complied with the decree of the court. This question was settled in the case of *King v. State,* 12 Ga. App. 482 (77 SE 651) (1913), wherein Judge Russell, speaking for the court, said: '1. A judgment for alimony is not necessarily a bar to a prosecution for abandonment. 2. Without reference to the effect generally of a judgment for alimony upon a prosecution for abandonment, a judgment for alimony against the accused and in favor of his wife and children would constitute no defense where it appeared that after the rendition of such judgment he abandoned his children, leaving them in a dependent condition, and failed to

comply with the judgment. While it appears in the present case that the accused partially satisfied the judgment for alimony, there was evidence that he had not paid the judgment in full, and that he had abandoned his children, leaving them at that time in a dependent condition.' See *Ozburn v. State,* 79 Ga. App. 823, 824 (54 SE2d 376) (1949). As to the question of the defense of partial support and the inability to provide more, these are questions solely addressed to the discretion of the fact finder, in this case the trial judge. *Waters v. State,* 99 Ga. App. 727, 728 (3) (109 SE2d 847) (1959)." *McCullough v. State,* 141 Ga. App. 840, 841-842 (234 SE2d 678) (1977).

(b) The beginning of the first paragraph of Code Ann. § 74-9902 provides: "If any father or mother shall wilfully and voluntarily abandon his or her child, either legitimate or illegitimate, leaving it in a dependent condition, he or she, as the case may be, shall be guilty of a misdemeanor ..." The last two sentences recite that "The offense of abandonment shall be and is hereby declared to be a continuing offense. Former acquittal or conviction of said offense shall not be a bar to further prosecution therefor under this section, if it shall be made to appear that said child was in a dependent condition as defined herein for a period of 30 days prior to the commencement of prosecution." Clearly it is irrelevant whether or not a 30-day period prior to prosecution was proven here since it is not required unless there has been a former acquittal or conviction, and none is alleged or appears in the record.

2. Dorsey contends that the trial court erred in requiring him to pay child support differing in amount from that awarded by the superior court pursuant to the divorce decree, because a state court judge has no authority to modify a divorce decree.

A probationary sentence for a criminal conviction requiring child support in a higher amount than that awarded in a prior divorce action is not a modification of that civil judgment. It is expressly authorized by Code Ann. § 27-2709,[1] and has been upheld against similar

---

[1] "The period of probation shall not exceed the maximum sentence of confinement which could be

attacks in this court. *Garrett v. State,* 125 Ga. App. 743 (188 SE2d 920) (1972). Moreover, the sentence of one year, to be probated in accordance with Code Ann. § 27-2709, is within the allowable confines of misdemeanor punishment under Code Ann. § 27-2506. We find no error for any reason assigned.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED APRIL 5, 1978 — DECIDED APRIL 25, 1978.

*Robert A. Kunz,* for appellant.
*William E. Frey, Solicitor, Leonard Cohen, Solicitor pro hac vice,* for appellee.

---

imposed upon such defendant, *except that in a prosecution for and conviction of the offense of abandonment, the trial court may suspend the service of the sentence imposed in the case upon such terms and conditions as it may prescribe for the support by the defendant of the child or children abandoned,* respectively, during the minority of such child or children, respectively, and service of such sentence when so suspended shall not begin unless and until ordered by the court having jurisdiction thereof, after a hearing as in cases of revocation of probated sentences, because of the failure or refusal of the defendant to comply with the terms and conditions upon which service of such sentences was suspended. . ." (Emphasis supplied.)