## 56434. HUTCHINS v. THE STATE.

BANKE, Judge.

Following a nonjury trial, the appellant was convicted of the abandonment of his two minor children. In this appeal from the denial of his motion for new trial, he contends that the evidence did not support a conviction.

No transcript of the evidence is before us. However, the appellant and the state stipulated to a "brief of evidence," and this was made a part of the record on the motion for new trial.

According to the brief of evidence, the prosecutrix testified that the appellant was obligated by their divorce decree to pay her $30 per week for child support. She stated that "she had received no payments for the month of December but she had received payments in late January and for part of February." This was in contradiction to the affidavit in support of the arrest warrant, signed on January 26, 1978, in which she swore that the appellant had not "given any support since the middle of December." The prosecutrix also testified that she did not keep records of the payments but that she nevertheless knew when they were in arrears.

The appellant introduced money order receipts indicating that he had paid the prosecutrix $120 on November 7, 1977; $180 on December 26, 1977; and $120

on February 2, 1978. There is no indication of what time periods these payments were intended to cover. Nor does the record show whether the prosecutrix alleged at trial that the appellant was in arrears or whether her complaint was merely that he tended to be late in making his payments. *Held:*

On the basis of the above account of the trial, we must agree that there is no evidence to show that the appellant was in wilful noncompliance with his child support obligations as set forth in the divorce decree. Accordingly, there is no evidence that he "wilfully and voluntarily" abandoned his children, leaving them "in a dependent condition." Code Ann. § 74-9902. See generally *Dorsey v. State,* 145 Ga. App. 750 (1) (245 SE2d 31) (1978).

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 12, 1978 — DECIDED OCTOBER 16, 1978.

*Robert C. Sacks,* for appellant.
*Gary L. Davis, Solicitor,* for appellee.