## 58769. FINCHER v. THE STATE.

SMITH, Judge.

Appellant was convicted of child abandonment. See Code § 74-9902. We affirm the conviction.

1. Appellant asserts that a divorce decree entered May 20, 1971, "is conclusive on the issue of paternity." However, an examination of the divorce decree reveals that the matter of paternity was not raised in the divorce action. Appellant's reliance on the doctrine of conclusiveness of judgments is therefore unfounded. Moreover, the state was not a party to the divorce action and is not precluded by the doctrine of res judicata from raising an issue which was not raised, but which could have been raised, in the earlier proceeding.

2. Code § 74-9902 provides: "If any father or mother shall wilfully and voluntarily abandon his or her child, either legitimate or illegitimate, leaving it in a dependent condition, he or she, as the case may be, shall be guilty of a misdemeanor . . . A child thus abandoned by the father or mother shall be considered to be in a dependent condition when the father or mother charged with the offense does not furnish sufficient food, clothing or shelter for the needs of the child . . ." Appellant contends that the state failed to establish dependency. However, appellant's former wife testified that due to the lack of financial support, she was encountering difficulty in "buying school clothes and supplies" for the child. We believe this testimony was sufficient to establish that the child was in a "dependent condition," as the term is defined in Code § 74-9902.

3. Appellant asserts that his conviction violates equal protection "because the court sought to impose an exclusive duty on the father" to support the child. However, appellant cites nothing in the record to support this argument. We can only conclude that appellant's

assertions with respect to equal protection are without merit.

4. In his final enumeration of error, appellant asserts that the trial court erred in admitting the child's birth certificate because it lists appellant as the father of the child and is therefore self-serving. The birth certificate was admitted during a hearing on appellant's plea in bar. Regardless of whether the birth certificate was admissible, the plea in bar was properly overruled. Under these circumstances, the admission of the birth certificate was, at most, harmless error.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 18, 1979 — DECIDED JANUARY 28, 1980 —

*James I. Parker,* for appellant.
*J. Calloway Holmes, Solicitor,* for appellee.