## 61551. LEWIS v. THE STATE.

DEEN, Presiding Judge.

James A. Lewis appeals his conviction of child abandonment. We reverse.

Under Code Ann. § 74-9902, a parent who remains within the state and wilfully and voluntarily abandons his or her child leaving it in a dependent condition is guilty of a misdemeanor. A child is considered to be in a dependent condition if the parent " . . . does not furnish sufficient food, clothing or shelter for the needs of the child." The offense is a continuing one.

James Lewis and Wanda Gail Mullis were divorced in 1972 and under the terms of the divorce decree, Lewis was required to pay $25 per week as child support for their son. By agreement between the parties, Lewis was to make payments of $50 every two weeks. From 1972 until May 10, 1980, Lewis had missed only two $50 payments; one due July 15, 1979, and the other on April 20, 1980. After the

warrant was taken out, appellant made regular payments until July 27, 1980. At that time, the boy apparently visited his father for a week, went back to his mother for a week and then lived with Lewis with Mrs. Mullis' permission until Sept. 15, 1980. During the period the child stayed with him, Lewis enrolled him in school, clothed, fed and provided a home for him. Mrs. Mullis reclaimed the child on Sept. 15 and trial was held on the abandonment charge by a judge sitting without a jury on Sept. 26.

At trial, Mrs. Mullis testified that she could get by on $25 per week although it was difficult to purchase clothing for the child because he weighed 135 pounds at 11 years of age. When asked if the defendant's failure to provide the support money " . . . resulted in your possible scrimping as to the welfare of the child," she replied, "No, sir, because I work." The father testified as to his financial difficulties which in part resulted from a low-paying job as a truck driver.

In *Dyer v. State,* 87 Ga. App. 440 (74 SE2d 129) (1953), this court held that the test for child abandonment is two-fold: (1) Alimony or child support was not paid, and (2) the other elements of abandonment appear. In *Fincher v. State,* 153 Ga. App. 190 (264 SE 2d 713) (1980), this court held that the former wife's testimony ". . . that due to the lack of financial support, she was encountering difficulty in buying school clothes and supplies for the child" was sufficient for a finding of a dependent condition under Code § 74-9902.

While a parent's defense that personal difficulties prevented him from making support payments is only a partial defense, *Jones v. State,* 154 Ga. App. 581 (269 SE2d 77) (1980), there is no evidence in this case to show that the child was in a dependent condition because he was deprived of food, clothing or shelter as required under the code section. The evidence, however, could support a civil action for contempt for failure to abide by the terms of the divorce decree.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 18, 1981.

*L. Z. Dozier,* for appellant.
*James L. Wiggins, District Attorney, C. David Gafnea, Assistant District Attorney,* for appellee.