## A00A0403. WILSON v. THE STATE.
(534 SE2d 910)

MILLER, Judge.

Robert B. Wilson was charged in a special presentment with felony "Abandonment of Child," in that, between 1994 and 1998, he allegedly abandoned his two minor daughters "by leaving the said children in a dependent condition after leaving the [S]tate of Georgia. . . ." Following a bench trial he was found guilty and received a three-year sentence, the maximum authorized by OCGA § 19-10-1 (b). In two related enumerations of error, Wilson argues there is no evidence that his children were in a dependent condition and no evidence that he abandoned them in Georgia for felony sentencing purposes. Since the evidence shows only misdemeanor abandonment, we affirm the judgment of conviction but vacate the felony sentence and remand for resentencing.

Viewed in the light most favorable to the trial court's judgment,

the record shows the parties stipulated that defendant and his former wife were divorced in a 1990 New Jersey proceeding in which the final order required defendant to pay $2,000 per month child support for his two minor daughters. Defendant failed to meet this obligation and was in arrears. It was further stipulated that defendant "has never physically been in the State of Georgia." Other evidence showed that in 1992, Wilson had been ordered to pay $35,100 in child support and alimony arrears. The New Jersey chancellor further ordered that all matters concerning the divorce, including child support, "be transferred to the jurisdiction of Georg[ia] where the [mother] has resided with the infant children . . . for over one (1) year. . . ."

Wilson's former wife, Arlene Wilson, was the only witness. In 1991, she moved to Georgia with her two minor daughters, who were then ages five and six. Arlene Wilson had no means of supporting her daughters, possessed no assets (except the 20¢ defendant left her with), and had to accept public assistance for housing, welfare or Aid to Families with Dependent Children, plus help from her parents, to survive. Arlene Wilson was unable to work because "the [Federal Bureau of Investigation], [the] Internal Revenue [Service] criminal division, [and] many courts [were] subpoenaing [her]." Of the $2,000 per month court-ordered child support, defendant made a payment only "[o]ne time under duress," of approximately $8,000. This was to purge himself of contempt for being $31,000 in arrears. Thereafter, defendant made periodic payments but stopped after paying a total of $18,000.

Arlene Wilson obtained a Texas judgment against defendant enforcing the New Jersey support order, but he paid only $2,000. To settle subsequent legal action, defendant deeded his Texas residence to Arlene Wilson, but because of liens attached to the real property, she cleared less than $30,000, while recouping an additional $5,000 from the sale of personal property. After giving defendant credit for the $53,000 she was able to collect, Arlene Wilson calculated she was still owed approximately $180,000 in back child support. In her opinion, the amounts defendant did pay were not sufficient to provide for the support of his two daughters.

1. A child abandoned by its father shall be considered to be in a dependent condition when the father "does not furnish sufficient food, clothing, or shelter for the needs of the child."[1] Thus,

There are two elements in the offense of abandonment of child: (a) desertion, that is, the wilful forsaking and deser-

---

[1] OCGA § 19-10-1 (a).

tion of the duties of parenthood; [and] (b) dependency, that is, leaving such child in a dependent condition. Both elements must be present to complete the offense.[2]

After his divorce, defendant's parental duty consisted of child support. Proof that he substantially and persistently failed to comply with that support obligation is sufficient to authorize a finding of wilful abandonment.[3] Proof that the mother was forced to rely on public assistance for housing and family assistance plus public Aid to Families with Dependent Children to support the minor daughters is sufficient to authorize the trial court's conclusion that the children were dependent for necessities under OCGA § 19-10-1 (a) because of defendant's abandonment.[4]

2. OCGA § 19-10-1 (b) makes child abandonment a misdemeanor unless the parent abandons the child in Georgia "and leaves this [S]tate," or abandons the child in Georgia "after leaving this [S]tate," in which cases the abandonment is punished as a felony. Defendant contends the trial court erred in sentencing him as a felon. We agree.

Just as no man can be heir to the living,[5] no man can *leave* this State unless he has *first been in* this State. OCGA § 19-10-1, making child abandonment a crime, is both in derogation of the common law and penal in nature, and if judicial construction is authorized, the statute must be strictly construed.[6] No construction of the phrases "leaves this [S]tate" or "after leaving this [S]tate . . ." is even necessary. When words are given their ordinary signification,[7] the felony of leaving this State in the course of abandoning dependent children first requires the actual physical presence of the accused.[8] The parties are bound by their stipulation that Wilson was never physically in the State of Georgia.[9] We vacate the unauthorized felony sentence

---

[2] (Citations and punctuation omitted.) *Fairbanks v. State*, 105 Ga. App. 27, 29 (123 SE2d 319) (1961).

[3] *Ozburn v. State*, 79 Ga. App. 823, 824-825 (b) (54 SE2d 376) (1949), applying *King v. State*, 12 Ga. App. 482 (2) (77 SE 651) (1913).

[4] *Dyer v. State*, 87 Ga. App. 440, 442 (2) (74 SE2d 129) (1953).

[5] "*Nemo est haeres viventis* — no one can be heir during the life of his ancestor — is the familiar maxim of the Common Law." *Beall v. Beall*, 8 Ga. 210, 222-223 (11) (1850).

[6] *Mangum v. State*, 91 Ga. App. 520, 521 (86 SE2d 365) (1955), legislatively overruled in part by Ga. L. 1956, p. 800, to include abandonment of illegitimate children. See *Pasley v. State*, 215 Ga. 768, 770 (2) (113 SE2d 454) (1960).

[7] OCGA § 1-3-1 (b).

[8] See *Weltzbarker v. State*, 89 Ga. App. 765, 767 (81 SE2d 301) (1954) (where wife moved children from Florida to Georgia, error to refuse instruction that " 'if you find further that the defendant never came to [Georgia] and again assumed the duty of supporting them in . . . Georgia, then . . . the court would not have jurisdiction, and a verdict of not guilty is demanded. . . .' "). Accord *Mallory v. State*, 225 Ga. App. 418, 419 (483 SE2d 907) (1997) (defendant visited his family in DeKalb County and then abandoned them).

[9] See, e.g., *Crawford v. Crump*, 223 Ga. App. 119, 122 (2) (476 SE2d 855) (1996).

and remand the case with direction to resentence Wilson as a misdemeanant.[10]

*Judgment of conviction affirmed. Sentence vacated and case remanded with direction. Pope, P. J., and Smith, P. J., concur.*

DECIDED MAY 26, 2000.

*David L. Whitman,* for appellant.
Robert B. Wilson, *pro se.*
*Daniel J. Porter, District Attorney,* for appellee.

---

[10] See *Denson v. State,* 240 Ga. App. 207, 208 (2) (523 SE2d 62) (1999).