**THRID DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

April 30, 2014

# In the Court of Appeals of Georgia

A14A0590. LITTLE v. THE STATE.

BOGGS, Judge.

The trial court revoked Dennis Little's three-year suspended sentence that was imposed under the First Offender Act for three counts of abandonment of dependent child. Little appeals from the trial court's denial of his subsequent "Motion to Correct Void Sentence." Because the trial court was not authorized to revoke Little's suspended sentence, the sentence imposed is void. We therefore reverse the denial of Little's motion and vacate his sentence.

The record reveals that in 2009, at a bench trial, Little was found to have committed three counts of felony child abandonment and was sentenced to serve three years on each count to run concurrently. But the court withheld the adjudication of guilty under the provisions of the First Offender Act (OCGA § 42-8-60 et seq.), and

ordered that the three-year sentence be suspended on the condition that Little make child support payments of $1,200 per month. On February 2, 2012, Little stipulated that he was in violation of his suspended sentence, and the trial court revoked the suspension and ordered that Little serve the three years of incarceration.

On May 31, 2012, Little filed a "Motion to Declare Judgment Void," which the court denied on July 16, 2012. He filed an untimely notice of appeal from that order, and we dismissed the notice for lack of jurisdiction. On May 13, 2013, Little filed a "Motion to Correct Void Sentence," which motion the trial court denied on September 18, 2013. It is from this order that Little now appeals, arguing that his sentence is void because the trial court was without authority to revoke the suspended sentence.[1]

---

[1]We address only this argument as it was raised for the first time in Little's 2013 "Motion to Correct Void Sentence." We do not address Little's enumerations regarding the indictment and the superior court's jurisdiction, as those issues were raised in his prior dismissed appeal. See *Howard v. State*, 289 Ga. 207, 207 (1) (710 SE2d 761) (2011) (issues raised in earlier dismissed appeal will not be considered in subsequent appeal); *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (while a void sentence is a nullity and may be vacated at any time, "this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon. [The defendant] is not entitled to multiple bites at the apple." (Citation and footnote omitted.)).

A sentence that is void "is a mere nullity and may be vacated at any time in any court where it becomes material to the interest of the parties to consider it. A sentence is void if the court imposes punishment that the law does not allow." (Citations and punctuation omitted.) *Garibay v. State*, 290 Ga. App. 385, 386 (1) (659 SE2d 775) (2008). Little was found guilty on three counts of abandonment of a dependent child. OCGA § 19-10-1 (j) (1) provides that in such a prosecution and conviction, "the trial court may suspend the service of the sentence imposed in the case, upon such terms and conditions as it may prescribe for the support, by the defendant, of the child or children abandoned during the minority of the child or children." Subsection (j) (2) provides, however, that:

> Service of any sentence suspended in abandonment cases may be ordered by the court having jurisdiction thereof *at any time before the child or children reach the age of 18* or become emancipated, after a hearing as provided in paragraph (1) of this subsection and a finding by the court that the defendant has failed or refused to comply with the terms and conditions upon which service of the sentence was suspended by the court having jurisdiction thereof.

(Emphasis supplied.)

The record here reveals that on February 2, 2012, when the trial court ordered that Little serve the three-year sentence, his youngest child was 8 days from reaching

3

his 19th birthday. Because none of the children that Little was found guilty of abandoning were under the age of 18 at the time of the revocation of the suspended sentence, the court was without authority to order that he serve the sentence. The sentence is therefore void because it imposes a punishment that the law does not allow. See, e.g., *Long v. State*, 324 Ga. App. 882, 897-898 (8) (752 SE2d 54) (2013) (sentence exceeding statutory maximum); see also *Wilson v. State*, 244 Ga. App. 224, 226-227 (2) (534 SE2d 910) (2000) (vacating unauthorized felony sentence under OCGA § 19-10-1 (b) when violation was misdemeanor). We therefore reverse the trial court's denial of Little's motion and vacate his sentence.

*Judgment reversed and sentence vacated. Barnes, P. J., and Branch, J., concur.*